EASTERN DIST.
*April*, 1838.

LOPEZ'S HEIRS *vs.* BERGEL, F. W. C.

LOPEZ'S HEIRS
*vs.*
BERGEL, f. w. c.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT FOR THE PARISH OF EAST BATON ROUGE, THE JUDGE OF THE EIGHTH PRESIDING.

The right of a creditor to attack a sale as fraudulent, made by his debtor to a third person, depends on his showing he was a creditor, before the date of the act. But a judgment by the creditor against his debtor, is not conclusive upon the vendee of the debtor, unless he was made a party. He has a right to controvert the demand, and avail himself of every defence the original debtor had.

So, where the vendee of a debtor was sued, he was allowed to plead prescription to the demand of the creditor, on which he had obtained a final judgment against the debtor.

No creditor can sue, individually, to annul any contract as fraudulent, made before his debt accrued. So, if a note of the common debtor is prescribed, and he promises to pay it, *after a sale* of his property, his creditor cannot attack the sale as made in fraud of creditors, and sue his vendee.

The vendee of a debtor, when sued, has a right not only to resist a judgment when offered in evidence against him, to which he was no party, but to insist on the plea of prescription, and the same defence which had been overruled, and to offer new testimony.

In a suit by a creditor against the vendee of his debtor, to annul the sale, the judgment against the latter is admissible in evidence only, to prove that such a judgment had been recovered, but the evidence on which it was obtained is inadmissible. The return of *nulla bona* on the execution, is admissible, to show the inability of the debtor to pay.

This is an action by the widow and heirs of Manuel Lopez, a judgment creditor of Gregorio Bergel, against Mary Bergel, f. w. c., to annul and set aside a sale to her by their debtor, of a lot of ground in the town of Baton Rouge, as fraudulent and simulated.

The plaintiffs annexed to their petition, a final judgment, which their ancestor obtained against Gregorio Bergel, in

EASTERN DIST. January, 1834, on a note due by him in August, 1826, for
April, 1838. five hundred and thirteen dollars, with interest and costs, on

LOPEZ'S HEIRS which execution issued, and was returned *nulla bona.*
*vs.*
BERGEL, f. w. c. The plaintiffs allege, that in January, 1833, the said
Bergel, their debtor, made a simulated and fraudulent sale
of a lot of ground to the defendant, a free woman of color,
for the expressed consideration of two thousand five hundred
dollars, which he acknowledges in the act of sale to have
received.   They expressly allege, that this consideration is
simulated, and that in fact no consideration whatever was
paid or received, and that said sale was made with a view of
defrauding them of their just claims, he, the said Bergel,
having no other property out of which to satisfy their
demand.   They pray for judgment, rescinding and annul-
ling said sale, and that the property be seized and sold to
pay their judgment debt, and for two hundred dollars in
damages.

The defendant pleaded a general denial, and averred, that
the sale to her was made in good faith, and for a good con-
sideration, being for work and labor, and services rendered,
etc.   She denied that the judgment set up in this case by
the plaintiffs, could have any force or effect against her, or
that there was any sum due from G. Bergel to them, as
alleged ; and that they had no capacity to sue as heirs of
Manuel Lopez.   Finally prescription was pleaded.

On these pleadings and issues the cause was tried before
the court and jury.   The case turned mainly on the questions
of law, which are stated in the opinion of this court, which
follows.

The jury returned a verdict for the plaintiffs, and from
judgment rendered thereon, the defendant appealed.

*A. N. Ogden,* for the plaintiffs.

1. The plaintiffs obtained a judgment against Gregorio
Bergel, for the amount of a note dated 22d August, 1826.
The judgment was rendered in February, 1834.   An appeal
was taken to this court, and the plea of prescription relied
on.   The judgment was confirmed by this court.   See

7 *Louisiana Reports*, 178.    Bergel sold all his property to
a negro woman, formerly his slave, but then kept as a
mistress, and when execution issued no property could be
found.    This action was brought to set aside the sale to the
negro woman, as fraudulent and simulated, and done with
the view of defrauding the plaintiffs.    See *articles of the
Louisiana 'Code*, 1964, 5, 7.    1971, 2, and 1989.

2. The jury found a verdict in favor of the plaintiffs ; the
court refused to grant a new trial, and the defendant
appealed.   The fraud is fully established by the evidence on
record.    The testimony establishes, that the plaintiffs are the
widow and heirs of Manuel Lopez.   Montain's testimony,
shows the acknowledgment of Gregorio Bergel, and his pro-
mise to pay the note.    In the decision referred to, this court
decided that the testimony of one witness and corroborative
circumstances were sufficient ; the debt was, therefore, suffi-
ciently established, without the testimony of Taquino, which
was taken on the former trial.

3. It will be seen that a bill of exceptions was taken to
the admission of the record of the former suit against Bergel,
on the ground that Taquino's testimony taken in that suit,
was not admissible in this.   It did not go to the jury as the
only evidence to prove the acknowledgment.    Montain's evi-
dence taken in this suit, was sufficient with the corroborat-
ing circumstances.    The sale from Bergel to the defendant
was a fraudulent sale.    She paid no price for the property.
By a final decision of this court, Gregorio Bergel was con-
demned to pay the amount of the note, and his property
always remained a pledge for its payment.    This court will
not tolerate that by such fraudulent and dishonest practices,
a creditor should be deprived of all recourse upon the property
of his debtor.    The plea of prescription certainly cannot
avail the fraudulent purchaser of the property, when it has
already been made by the debtor and decided against him.

*Elam*, for the defendant.

1. The plaintiffs have not shown themselves entitled to
recover any sum that might be due to Manuel Lopez.   Their

EASTERN DIST. capacity, as widow and heirs were denied, and not legally
April, 1838. proved.

LOPEZ'S HEIRS    2. No debt was proved against G. Bergel, which can
vs.
BERGEL, f. w. c. affect the defendant's rights. The execution of the note,
the basis of the action, was denied. The signature of the
subscribing witness was not proved, himself not produced,
nor his absence accounted for. *Louisiana Code, article* 1971.
1 *Martin, N. S.*, 486.

3. The recovery of the note, if even due, was barred by
the prescription of five years, which was complete before the
sale, which is now sought to be set aside, was executed.
Prescription was specially pleaded, and no evidence was
adduced to show the interruption. *Louisiana Code*, 3505.
10 *Louisiana Reports, Conway* vs. *Williams*.

4. The sale to the defendant being made when there
existed no legal demand against G. Bergel, *bad faith and
collusion cannot be shown.* The admission and promise to pay,
made to Montain, is no evidence of the genuineness of the
note, nor proof of its execution. At best it was a new *obligation*,
and being made subsequent to the sale sought to
be rescinded, it cannot prejudice the defendant's rights.
*Louisiana Code, article* 1752, *No.* 2.

The right of a
creditor to attack    5. The note of the evidence of Taquino, taken in the suit of
a sale as fraudu-    Lopez *vs.* G. Bergel, is not admissible in this case ; and the
lent, made by
his debtor to a    judge erred in not excluding it from the record.
third person, de-
pends on his
showing he was    *Bullard, J.,* delivered the opinion of the court.
a creditor, before
the date of the    The plaintiffs having obtained a judgment against one
act. But a judg-
ment by the cre-    Bergel, instituted the present action to annul the sale of a
ditor against his    house and lot, by their debtor to the defendant, as in fraud
debtor is not
conclusive upon    of their rights.
the vendee of the
debtor, unless    The defendant, under that article of the Louisiana Code,
he was made a    which authorizes the purchaser in such a case, to controvert
party. He has
a right to con-    the demand of the plaintiff, although liquidated by a judg-
trovert the de-
mand, and avail    ment, in the same manner that the debtor might have done
himself of every    before the judgment, (1971,) denied the indebtedness of the
defence the ori-
ginal debtor had.    vendor to the plaintiffs, and alleges that their action against

LOPEZ'S HEIRS
*vs.*
BERGEL, f. w. c.

him had been barred by prescription, before the inception of that suit.

There was a verdict and judgment for the plaintiffs, and the defendant appealed after a motion for a new trial had been overruled.

The right of the plaintiffs to attack the sale as fraudulent, depends on their showing that they were creditors of the vendor, before the date of the act. The judgment recovered against him, is certainly not conclusive upon his vendee, unless the latter was made a party. He has a right to controvert the demand, and to avail himself of every defence which might have been pleaded by the original defendant. In the present case the sale was in January, 1833, and the judgment was not rendered against Bergel, until January, 1834, on a promissory note, it is true, which was due in August, 1826, but which, apparently, had been prescribed by the lapse of five years.

It is contended, that the promise to pay the note, proved in this case, was not made until after the sale to the defendant; and although such promise may be obligatory and upon a sufficient consideration, yet it furnishes no evidence of the existence of a debt prior to the sale; that if, at a time when Gregorio Bergel was under no legal obligation to pay the note recited in the judgment, he conveyed to the defendant, the plaintiffs have no right to question the sale. This proposition appears to us fully sustained by the text of the code article, 1988. The rule is one which, even under the strong circumstances of the present case, cannot safely be dispensed with.

But it is further urged, that the plea of prescription was set up by Bergel himself, in the original suit, and overruled by this court. The right on the part of the present defendant to controvert the plaintiff's demands, authorizes her to insist on the same defence, and to offer new evidence in support of it.

It does not appear to us the judge erred, in permitting the record in the first suit to be given in evidence, to prove simply the fact that sucha judgment had been recovered, but

So, where the vendee of a debtor was sued, he was allowed to plead prescription to the demand of the creditor, on which he had obtained a final judgment against the debtor.

No creditor can sue, individually, to annul any contract as fraudulent, made before his debt accrued: So, if a note of the common debtor is prescribed, and he promises to pay it *after a sale* of his property, his creditor cannot attack the sale as made in fraud of creditors, and sue his vendee.

The vendee of a debtor, when sued, has a right, not only to resist a judgment, when offered in evidence against him, to which he was no party, but to insist on the plea of prescription, and the same defence which had been overruled, and to offer new testimony.

In a suit by a creditor against the vendee of his debtor, to annul the sale, the judgment against the latter is ad-

EASTERN DIST.
*April*, 1838.

that the testimony of witnesses given in that case was not admissible in this. The return of *nulla bona* on the execution, was properly admitted to show the inability of the debtor to pay. But we conclude upon the whole, that a new trial ought to have been allowed, because the promise to pay after the date of the sale, was not sufficient evidence to show the indebtedness of Bergel previously thereto, and we are not authorized to presume fraud in a case where it would not avail the party alleging it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, and the verdict set aside, and it is further ordered, that the case be remanded for a new trial, the appellee paying the cost of the appeal.