Btjllaed, J.
delivered the opinion of the court.
This case has been several times before this court, and remanded for a new trial. The result of the last trial was a verdict for the plaintiffs, which being followed by the judgment, the defendant appealed. 12 La. Rep. 197.
The evidence, in our opinion, fully sustains the verdict, and shows that the conveyance of the house and lot to the defendant was made in fraud of creditors, and the court correctly applied the law .as laid down in articles 1965 and 1972.
The appellee asks an affirmance of the judgment, with damages for a frivolous appeal. The article 907 of the Code of Practice authorizes this court to condemn the appellant to pay such damages as it may think equivalent to the loss which he has sustained by the delay consequent on the appeal, “provided the amount of such damages shall not exceed ten per cent, on the value of the amount in dispute.” In cases in which the appellant has been condemned to pay a sum of money, there is a known standard by which the damages may *159 be ascertained. But in tbe present ease the defendant is not the debtor of the plaintiffs. The matter in dispute is a house and lot in Baton Rouge, which she has been condemned to surrender, in order to satisfy a judgment recovered against the defendant’s vendor. The value of the house and lot, which [259] constitutes the amount in dispute, is not shown, and it does not appear whether it exceeds , or falls short of the amount of the judgment against Bergel.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.