State
v.
Reiss.

---

## Joseph T. Landry, Administrator, *v.* C. L. Landry, Executor.

To sustain an order of seizure and sale at the suit of the administrator of a succession, authentic evidence of the plaintiff's appointment as administrator is necessary.

It is too late to supply that evidence after the appeal from the order is granted.

APPEAL from the District Court of Iberville, *Robertson*, J.

*E. W. Robertson*, for plaintiff. *Z. Labauve*, for defendant and appellant.

Voorhies, J. This is an appeal from an order of seizure and sale obtained by the plaintiff, as administratior of the succession of the late *Valéré Landry*, on an act importing a confession of judgment.

The absence of authentic evidence of the plaintiff's appointment as administrator is assigned by the defendant and appellant as an error apparent on the face of the record.

It appears that the proceedings in this case were filed on the 5th of April ; the notice of seizure and sale was issued on the 7th, and served on the 8th of April ; and the order granting this appeal was signed by the Judge on the 10th of the same month. The plaintiff offered to file, after the granting of the order of appeal, authentic evidence of his appointment as administrator, but the Clerk conceiving he was without authority refused to file the same.

We consider the error assigned as fatal. After the notice of seizure and sale had been served, and an appeal taken by the defendant, it was then too late to supply the evidence, which was essential to authorize the issuing of the order of seizure and sale ; such evidence should have formed part of the proceedings, *via executiva*, on file, to sustain the fiat of the Judge.

It is, therefore, ordered and decreed, that the fiat of the Judge *a quo*, granting the order of seizure and sale, in this case, be set aside and avoided, the plaintiff and appellee to pay the costs of both courts.