### FELLOWS & MILLS *v.* BANK OF NEW ORLEANS.

*The judgment of the lower Court will be amended, when the record shows that it is not according to the evidence.*

APPEAL from the Third District Court of New Orleans, *Fellowes,* J. J. *Ad. Rozier,* for plaintiffs.   E. W. *Huntington,* for defendant and appellant.

HOWELL, J.   The plaintiffs brought suit on a detailed bill for professional services rendered the defendant in different matters; and, on the trial below, the District Judge, considering that the evidence sustained only one item, rendered judgment for $400, being the amount of said item; from which the defendant appealed, and the plaintiffs have joined in the appeal, praying that the judgment be so amended as to allow the whole amount claimed by them.

The account sued on is composed of four distinct items of $400, $100, $100, and $300, respectively; and we think the testimony of the President of the bank and two members of the bar fully sustains three of them, to wit: the first, second, and fourth, amounting to $800. There is nothing to establish the third item.   The judgment should be amended.

It is therefore ordered, adjudged and decreed, that the judgment of the lower Court be amended, and that plaintiffs recover of the defendant the sum of eight hundred dollars, instead of four hundred, as allowed below, with legal interest from judicial demand, and costs in both courts.

---

### C. H. DE BRUEYS, Administrator, *v.* W. A. FRERET.

*When an order of seizure and sale was obtained by an administrator, without evidence that he is the administrator, Held: That the omission to produce such evidence is fatal, and the order will be rescinded.*

APPEAL from the Sixth District Court of New Orleans, *Howell,* J. *Field & Shackleford* and A. L. *Tissot,* for plaintiff.   C. *Dufour,* for defendant and appellant.

HYMAN, C. J.   This is an appeal from an order of seizure and sale.

The order was obtained by plaintiff as the administrator of the estate of the late Marie Françoise Adelide de Brueys, without evidence that he was the administrator.

The omission to produce such evidence is fatal.   See case Joseph T. Landry, administrator, vs. C. S. Landry, executor, 12 An. 167.

It is therefore ordered and decreed that the fiat of the District Judge granting the order of seizure and sale in this case be set aside and avoided, the case dismissed and the plaintiff to pay costs of both Courts.

HOWELL, J., recused.