BENHAM, (INGERSOLL v.)    See Case No. 7,036.

BENITY, (CENTRAL PAC. R. CO. v.)    See Case No. 2,551.

## Case No. 1,300.

### BENJAMIN v. CAVAROC et al.

[2 Woods, 168.] [1]

Circuit Court, D. Louisiana.    Nov. Term, 1875.

MORTGAGES—FORECLOSURE—STATUTORY REMEDY—EQUITY JURISDICTION OF FEDERAL COURTS.

1. A mortgage on real estate to secure a debt executed by public act according to the law of Louisiana, although it imports confession of judgment, may be enforced by suit in equity.

2. The fact that there is a statutory remedy in Louisiana on such a mortgage does not oust the jurisdiction of a court of equity to enforce it.

[Cited in Kimball v. Mobile, Case No. 7,774. See, also, Davis v. James, 2 Fed. 618.]

3. Where, under the jurisprudence and laws of a state, want of privity is not an obstacle to the enforcement by one person of a contract made for his benefit by another person with a third person: *Held*, that the equity courts of the United States, sitting in such state, will enforce such a contract at the suit of the beneficiary.

In equity.    Heard on demurrer to the bill.

The case made by the bill was substantially as follows: The Louisiana Cotton Manufactory, a body corporate of the state of Louisiana, executed certain bonds with interest coupons attached, and to secure the payment thereof at maturity, granted a mortgage by authentic act before a notary public. Complainant [Henry W. Benjamin] was the holder of certain of said bonds with coupons annexed, and some of his coupons had matured and were due and unpaid.

The bill further alleged that before the bringing of this suit, the said mortgage had been enforced by executory process in a state court at the suit of another holder of certain of said bonds and coupons, and the mortgaged property had been sold by the

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

sheriff to the defendant, Charles Cavaroc; that out of the purchase price a certain specified sum was paid by Cavaroc to the sheriff in cash, and the remainder was retained by him, to be applied under the stipulations in the sheriff's deed, and, according to law, to the payment and satisfaction pro tanto of the bonds and coupons, other than the matured coupons held by the plaintiff in the proceedings in the state court; that the residue of the purchase price so retained by Cavaroc was insufficient to satisfy said bonds and coupons except to a certain extent which is specifically stated; and that to this extent, the property remained affected in Cavaroc's hands, by the mortgage, and that he became, by virtue of the premises, personally liable to that extent to the respective holders of the said bonds and coupons, and the precise amount alleged to be so due by Cavaroc on each of said bonds and coupons was specifically stated in the bill.

It was further alleged that subsequent to the purchase by Cavaroc, he entered into a certain written contract or agreement with the other parties, who are made defendants, wherein it was recited that he had purchased said property for the other defendants, and that the same was thereby transferred to them in certain respective portions which were specifically stated, and that in said contract it was stipulated by and between Cavaroc and the other defendants that the latter should assume and pay to the holders respectively of the bonds and coupons outstanding ratably, in proportion to their respective interests in the property, the amounts for which it was averred that said Cavaroc had become personally liable as aforesaid; the said assumption constituting a part of the consideration of the said transfer from Cavaroc to the other defendants. It was averred that by reason of the said alleged transfer, and the stipulation between Cavaroc and the other defendants, the latter became personally bound and liable to be called upon in a court of equity to pay and satisfy ratably, and in proportion to their alleged respective interests in the property, the said outstanding bonds and coupons to the same extent as the said Cavaroc was alleged to have become personally liable, and the precise sums for which each of the said defendants had become so personally liable were set forth.

The bill prayed for the sale of the property under the mortgage upon such terms as to cash and credit payments as might correspond with the dates of the maturity of the bonds and coupons, and for a personal decree against the defendants respectively for specific sums of money, according to the averments of the bill.

To this bill the State National Bank and the firm of Vincent & Co. demurred, and assigned as grounds of demurrer: 1. That there was no equity in the bill, and if plaintiff was entitled to any relief at all as against the defendants, on the grounds set forth in his bill, he had a plain, adequate and complete remedy at law. 2. There was no privity of contract between the complainant and the defendants who demur.

[Demurrer overruled.]

Thomas J. Semmes and Robert Mott, for complainant, cited De Brueys v. Freret, 18 La. Ann. 80; Landry v. Landry, 12 La. Ann. 167; Code Pr. art. 732; Walker v. Dreville, 12 Wall. [79 U. S.] 442; Thompson v. Central Ohio R. Co., 6 Wall. [73 U. S.] 137; Hersey v. Turbett, 27 Pa. St. 418.

Henry B. Kelly, (with whom was James McConnell,) for defendants.

The mortgage on which the rights of complainant are founded is a Louisiana mortgage, and was granted by authentic act before a notary. It imports confession of judgment, and, in default of payment by the debtor, entitles the creditor to instant execution by writ of seizure and sale against the property, on simple petition and without citation. Code Pr. arts. 732–734; Loret Elements de la Science Notariale, 377; Succession of Tete, 7 La. Ann. 96. It is therefore an instrument entirely different in its effect from an English mortgage. The remedies appropriate to the enforcement of the rights of a mortgagee, under a Louisiana mortgage, are not equitable remedies in any sense, but statutory, and code remedies. The chancery jurisdiction of the federal courts is the same in all the states, and the rule of decision is the same in all; its remedies are not regulated by the state practice. U. S. v. Howland, 4 Wheat. [17 U. S.] 108; Dodge v. Woolsey, 18 How. [59 U. S.] 347; Barber v. Barber, 21 How. [62 U. S.] 583; Cropper v. Coburn, [Case No. 3,416.] With regard to the statutory remedies, unknown to either the common law or equity system of England—such, for instance, as the remedies on a Louisiana mortgage, all of which are statutory, and, like the contract upon which they are based, unknown to either system—they are to be enforced by actions at law and not by suits in equity. Parsons v. Bedford, 3 Pet. [28 U. S.] 434.

II. There is no privity between the complainant and the defendants who demur, and therefore this suit cannot be maintained against them. 1 Chit. Gen. Pr. 336; Tweddell v. Tweddell, 2 Brown, Ch. 101; Woods v. Huntingford, 3 Ves. Jr. 129.

WOODS, Circuit Judge. A very learned and elaborate brief has been filed by counsel for defendants who demur, to show that a mortgage like the one referred to in the bill, executed according to the law of Louisiana, is not such a mortgage as is recognized by equity jurisprudence, but is a public act before a notary which imports confession of judgment and that the remedy upon it is

statutory and at law, by writ of seizure and sale. There is no question that the mortgage mentioned in the bill was executed to secure a debt evidenced in part by the bonds held by complainant. It was a security for a debt. A suit upon the bonds at law would not give adequate relief because the plaintiff could not in such a suit assert his prior lien over other ordinary judgment creditors. One of the main purposes of the suit is to enforce a lien upon property. This cannot be done by a court of law which simply renders judgment for the amount due plaintiff and leaves him to make his money out of the property of defendant by writ of fieri facias. It is said, however, that the plaintiff has a statutory remedy by seizure and sale, to which he might have resorted. But the court could not have granted an order of seizure and sale in this case, because the writ can only issue where the evidence submitted to the court is authentic and makes full proof of every allegation of the petition. De Brueys v. Freret, 18 La. Ann. 80; Landry v. Landry, 12 La. Ann. 167; Code Pr. art. 732. Complainant holds no such evidence against any of the defendants except Cavaroc. The proof against the others is an agreement under private signature. But the fact that a state legislature has conferred upon the state courts the jurisdiction to enforce equitable rights by a statutory proceeding does not oust the equitable jurisdiction of the United States courts. That cannot be interfered with in any degree by state legislation. Bennett v. Butterworth, 11 How. [52 U. S.] 674, 675; Thompson v. Central Ohio R. Co., 6 Wall. [73 U. S.] 137; In re Broderick's Will, 21 Wall. [88 U. S.] 520; Noyes v. Willard, [Case No. 10,374.] But it seems that the very question raised by the first ground of demurrer is settled adversely in the case of Walker v. Dreville, 12 Wall. [79 U. S.] 440. That case went up from this court. It was a petition in which complainant set out that defendant was indebted to her in the sum of $5,492, which sum was secured by mortgage, and the prayer was that defendant be condemned to pay the amount so alleged to be due, and that the mortgaged premises be adjudged and decreed to be subject to the payment of said debt, interest and costs. The judgment or decree of the court was in accordance with the prayer of the petition. The case was taken to the supreme court of the United States by writ of error, and the writ of error was there dismissed on the ground that the case belonged to the equity side of the court and should have been brought up by appeal.

The second ground of demurrer is want of privity between complainant and defendants who demur. Under the jurisprudence of this state this want of privity would not be an obstacle to a suit in a court of the state to require the defendants to perform a contract made by them for the benefit of a third person not a party to the contract. Code Pr. art. 35. By this article the liability to suit of the person thus contracting is expressly created, and the right to sue is also given to the person for whose benefit the contract is made. In other words, there is an obligation created in favor of the beneficiary of the contract against the person making the contract, although the beneficiary is not a party to the contract. Can this court enforce this liability? The question seems to be distinctly answered by the supreme court of the United States in the case of In re Broderick's Will, 21 Wall. [88 U. S.] 520, where the court says: "Whilst it is true that alterations in the jurisdiction of the state courts cannot affect the equitable jurisdiction of the circuit courts of the United States so long as the equitable rights themselves remain, yet an enlargement of equitable rights may be administered by the circuit courts as well as by the courts of the state. * * * Indeed, much of equitable jurisdiction consists of better and more effective remedies for attaining the rights of parties."

This court has jurisdiction of this case to enforce a lien upon property to which the defendants claim title. They are therefore proper and necessary parties. The court having the defendants properly before it will proceed to do complete justice by enforcing directly against them the liability which they incurred by entering into the contract with Cavaroc or with the sheriff for the benefit of the complainant and others. Demurrer overruled.