No. 8757.

C. CHAFFE, JR., SYNDIC, VS. MADISON CARROLL.

In an executory proceeding by a syndic, to enforce payment of a note secured by vendor's privilege and mortgage, it is not necessary to accompany the petition for the seizure and sale of the property with any evidence of transfer of the note by the insolvent, who was the payee, to his creditors. Possession of such note by the syndic, even if unendorsed, is a presumption of such transfer. What title the payee had to it has passed to his creditors by the surrender and by the acceptance of it by the court.

In such a case it is sufficient for the syndic, under proper averments, to exhibit authentic evidence of his appointment as syndic of the creditors of the insolvent payee, the note and an authentic copy of the act of sale and mortgage.

Damages will not be allowed, even if the appeal be frivolous, where it is *devolutive* only, and, therefore, has not delayed the appellee in the execution of his judgment. Having sustained no loss consequent on the appeal, appellee cannot recover such damages.

APPEAL from the Tenth District Court, Parish of Red River. *Logan*, J.

*M. S. Jones* for Plaintiff and Appellant.

*L. B. Watkins* for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an appeal from an order of seizure and sale rendered to enforce payment of a note of $5,500, secured by vendor's privilege and mortgage on the land sold, made payable to the order of J. H. Scheen and drawn by the defendant as purchaser.

The defense is, that the note was not endorsed by the payee, and that there is no authentic evidence of its transfer by the payee to the plaintiff.

The petition is accompanied by ample evidence, that J. H. Scheen, to whose order the note was made payable, has made a surrender of his property to his creditors, which was accepted by a competent court; that the plaintiff is the syndic in charge of the liquidation of the affairs of the insolvent; that he has taken the oath and furnished the bond required by law, and that letters, showing his appointment and qualification, have been issued to him.

In a previous similar proceeding by the same plaintiff against the same defendant, on the same note and security, as there was no authentic evidence of plaintiff's official capacity and of an alleged endorsement by the payee, we reversed the decree and annulled the order for executory process. 34 An. 122.

The present proceeding is brought in strict conformity with the views expressed in the opinion in that case.

If, as claimed, the note never was endorsed by the payee, title to enforce payment of it continued in him and passed from him to his credi-

tors, by the surrender and by the acceptance thereof by the court. It was not necessary for the plaintiff, in order to obtain executory process on the note, to produce any evidence to show that the note had been surrendered by the payee. It is no concern of defendant whether it was or not. The presumption is that it was. No third party is heard to claim ownership of it or assert any title to it.

In order to procure the order it was sufficient for the plaintiff, under the allegations of his petition, to exhibit the note, an authentic copy of the act of sale and mortgage with which it is identified, and the letters showing his appointment as syndic of the creditors of the payee, all of which he has done. 28 An. 457.

The *fiat* of the District Judge was justified by the evidence before him.

The law requires, in a case like this, no other proof of title than the fact of the possession of the note. On payment of the note, the defendant will certainly be relieved from all responsibility and will be entitled to a cancellation of the mortgage inscription securing it. Zapata vs. Cifreo, 26 An. 87.

The appellee is not entitled to damages as in case of a frivolous appeal.

The appeal was devolutive only. It has not delayed the plaintiff in the execution of his judgment. 26 An. 727; 18 L. 31; 13 An. 286.

He has sustained no loss consequent on the appeal. C. P. 907.

Judgment affirmed, with costs.