April 22, 1907.

————o————

No. 4213.

(Court of Appeal, Parish of Orleans.)

HIDDLESTON KENNER vs. JOSEPH SCHIRO, et al.

1. In order to maintain the revocatory action or the action en declaration de simulation the person attacking the contract must not only be a creditor, but his debt must be liquidated by a judgment, unless the defendant in such action be made a party to the suit for liquidating the debt brought against the original debtor.
2. In this latter event either of the defendants may controvert the demand of the plaintiff.
3. Where, however, the defendant in the action to annul has not been made a party to the suit against the original debtor, he may controvert the demand of the plaintiff, although it be liquidated by a judgment, in the same manner

that the debtor might have done before judgment.

4. The fees of the attorney at law employed by a wife to represent her in a suit brought against her husband for separation from bed and board, is not a debt due by the community when the wife has been unsuccessful in the suit.

Appeal from Civil District Court, Division "C."

H. Kenner, in P. P., Appellee.

R. H. Marr, for Defendant and Appellant.

MOORE, J. Plaintiff, alleging himself to be a judgment creditor of one Pasquale Scrummazza, brought his action to annul as a fraudulent simulation, the sale of the undivided half of a certain tract of land made by Scrummazza to the appellant, Joseph Shiro.

The answer admits the sale, but denies that it is either fraudulent or simulated. There was judgment in favor of plaintiff annulling the sale from which judgment Shiro appeals.

Plaintiff's judgment against Scrammazza was obtained by default on the 12th December, 1905. The sale from Scrammazza to Schiro was made and recorded a month earlier, November 9th, 1905.

On the trial of the cause below the plaintiff introduced in evidence not only a certified copy of his judgment against Scrammazza, which would have been prima facie evidence of the debt against the holder of the property claimed, but he introduced likewise, the entire record in that suit.

From that record it is learned that the debt alleged against Scrummazza and for which judgment was rendered had for its basis the assumption, as matter of law, that Scrummazza as head of the community existing between him and his wife, was liable for the fees of the attorney at law (the plaintiff) who had represented Mrs. Scrummazza in a suit against her said husband for separation from bed and board, notwithstanding the said suit had never been carried to judgment, but on the contrary was abandoned and formally discontinued by her.

It is contended by the appellant that in view of the fact that he has controverted the demand of the plaintiff against Scrummazza, although it be liquidated by a judgment and has shown that Scrummazza was not a debtor of the plaintiff when the

judgment was obtained, forasmuch as Scrummazza was not then, nor is he now responsible for the fees incurred by hi swife to her lawyer in the case and under the circumstances stated; that same did not constitute a communiy debt; that as plaintiff is not and was not a creditor of Scrummazza the judgment in favor of plaintiff is, as to him, Schiro, of no force, effect or validity and that hence, being without a judgment, or at least with no judgment which can be operative against property held and claimed by Shiro, the present action cannot be maintained.

In order to maintain actions of this character, the person attacking the sale must, in the first place, be a creditor of the vendor and in the next place his debt must be liquidated by a judgment, unless the defendant in such action be made a party to the suit for liquidating the debt brought against the original debtor. Art. 1972 C. C.

In this latter event either of the defendants may controvert the demand of the plaintiff C. C. Art. 1975. When, however, the defendant in the action to annul the sale made to him, has nct been made a party to the suit against the original debtor "he may controvert the demand of the plaintiff, although it be liquidated by a judgment, in the same manner that the debtor might have done before judgment." C. C. Art. 1976. Lopez vs. Bergel 12 La. 197. Fox vs. Fox 4 A. 135; Pecot vs. Armelin 21 A. 667; Dumas vs. Lefebre 10 R. 399; Keith vs. Renaud 18 A. 735.

In the instant cause Schiro was not made a party to the suit against the original debtor, ncr was it sought in the present action, in which both he and the original debtor are made defendants, to liquidate the debt by judgment, hence he was authorized under Art. 1976 C. C. "to controvert the demand of the plaintiff, although it be liquidated by a judgment, in the same manner that the defendant might have done before the judgment." This the defendant has done—not under formal pleadings—but by availing himself of evidence introduced not only without objection, but by the plaintiff himself. It is well settled that evidence received without objection of facts not alleged, will be considered as if it had been responsive to an allegation in an amended petition cr answer, filed with the consent of the opposite party.

Plaintiff's petition in his suit against Scrummazza, which the plaintiff offered in evidence, shows on its face that plaintiff had no cause of action whatsoever against Scrummazza. The contract of the latter's wife with her aattorney to pay him a fee for his services to her in the matter of her suit against her husband, her suit having failed of its purpose and the community remaining intact, was not an obligation of the community for which the husband, as its head, was responsible. This has been repeatedly decided. It is only where the wife has successfully prosecuted to judgment her suit against her husband and a separation of property follows, that the fee of the wife's lawyer becomes a valid charge against the community. Benedict vs. Holmes 104 La. 528 and cases · therein cited. What Scrummazza failed to do before judgment—controvert the demand—Schiro has done after the judgment and having established that plaintiff is not such a judgment creditor as entitles him, as such, to seek the nullity of property held by him under transfer valid on its face from Scrummazza, his present action cannot be maintained.

Whilst we are disposing of this case on the ground that the action must fail because the defendant herein has shown that Scrummazza is not a creditor of plaintiff, notwithstanding his judgment, and that he has successfully "controverted plaintiff's demand against the original debtor," we deem it proper to say, pretermitting this proposition, the plaintiff has not, in our opinion, established the fraudulent or simulated character of the transaction.

Besides, if by the judgment plaintiff thus became a creditor of Scrummazza, he became such only from the date the judgment was rendered. He was not a creditor before that date because, as we have shown, he did not owe the debt at the time he was sued for it. The judgment was rendered a month after the sale complained of, hence, so far as the petition seeks to annul the sale as being made in fraud of creditors, Art. 1993 C. C. interposes the objection that no creditor can sue individually to annul any contract made before the time his debt accrued. So far as the action may be one en declaration de simulation, Schiro's answer to the interrogatories on facts and articles addressed to him, which constitute practically the only evidence adduced by plaintiff to establish the allegations of

his petition do not show that a legal and sufficient consideration was not given for the sale. On the contrary in his answers he states that he has a bank account with the Morgan Bank carrying an average credit deposit of $4000.00; that he owns the property he now occupies which is worth $4500, and that there is a mortgage on it of $1000.00; that he paid $1100 cash for the property in question partly by taking up a mortgage on it amounting to $540.00, and by paying other accounts due by the vendor which he enumerates, including a debt due to him by the seller. Some of the interrogatories he does not answer fully, but they are so confused and involved and contain so many different questions grouped in one interrogatory that it may be readily appreciated that he found it difficult to answer all the questions grouped in one interrogatory. At any rate they are not of a character which, even if taken for confessed, as appellee contends they should be, would establish any of plaintiff's allegations.

The judgment appealed from must be reversed.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and the same is hereby avoided, set aside and reversed and that plaintiff's suit be rejected at his costs in both Courts.

May 6th, 1907.

Rehearing refused May 20, 1907.

Writ refused by Supreme Court June 11, 1907.