**KIRSCH v. BROAS et al.**

No. 16253.

Court of Appeal of Louisiana. Orleans.

Nov. 16, 1936.

Sydney J. Parlongue and William Donnaud, both of New Orleans, for appellant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellees.

WESTERFIELD, Judge.

This is a revocatory action and in the alternative an action—en declaration de simulation. The plaintiff, Charles Kirsch, obtained a judgment against George A. Broas in the First city court of New Orleans on August 29, 1934, in the sum of $154.00 plus $25 attorney's fees. He brought this suit against George A. Broas and his sister, Miss Eva Blenk Broas, on January 17, 1935, and at the same time recorded a notice of lis pendens in the mortgage office of the parish of Orleans. He alleged that an act of sale executed before Louis B. Claverie, notary public, on the 18th day of August, 1934, whereby Miss Broas purchased her brother's undivided interest in certain real property for the purported consideration of $2,200, $1,000 of which was declared to have been paid in

cash and the remainder evidenced by a promissory note payable six months thereafter, was in fraud of his right as a creditor of George Broas who was insolvent at the time to the knowledge of Miss Broas. In the alternative, he alleged that the transaction was simulated because no consideration passed between the parties, the sole purpose being to place the property of George Broas beyond the reach of his creditors.

Both defendants answered in substance that the transaction complained of was in all respects bona fide, and Miss Eva Blenk Broas that she had no knowledge whatever of the financial condition of her brother at the time of the sale.

There was judgment below in favor of defendants dismissing plaintiff's suit, and he has appealed. In this court the defendant Eva Blenk Broas has answered the appeal and asks for 10 per cent. damages upon $2,200, the value of the property involved, for frivolous appeal.

■ In order to sustain a revocatory action, it is necessary to show that the debt due the complaining creditor has been reduced to judgment; that his debtor is insolvent to the knowledge ·of the vendee; and that there is no other property out of which the creditor can satisfy his judgment. Rev.Civ.Code, art. 1970 et seq.

■ The plaintiff in this case is a judgment creditor of George Broas, whose insolvency at the time of the sale of his property to his sister is not disputed, but there is no proof that the vendee, Miss Broas, had knowledge of the insolvency of her brother.

The learned judge, a quo, in his reasons for judgment said:

"The evidence in this case is simply overwhelming that the vendee, Miss Broas, knew nothing of the affairs of her brother, the vendor. They had been on inimical terms previous to the death of the father in January, 1934, and after the death of the father and the opening of the succession the enmity increased until it was bitter and vindictive.

"The motive for the sale is overwhelmingly proven. There were five heirs of the succession, two of whom were minors and one an afflicted minor. Miss Broas, the vendee, was the testamentary tutrix of these two minors. It is proven, I think, beyond a shadow of a doubt, that George Broas, the brother was threatening a partition suit, to which there could be no defense on earth. A judgment of partition by licitation would have been bound to follow a suit. The property would have been put up at partition sale and bought in for whatever it would bring. It is perfectly plain to me that the motive of Miss Broas was solely to prevent a partition sale and a sacrifice of the property. This sale was genuine, not simulated, and it was one in which Miss Broas cannot be charged with knowledge of the insolvency of her brother. There is not one scintilla of proof that she knew his financial condition."

Plaintiff does not now contend that Miss Broas had actual knowledge of her brother's insolvency, as appears from the following excerpt from his brief filed in this court:

"In the opinion of your appellant the sole and only question of law to be here decided is: Does the filing of a lis pendens and a suit for a revocatory action sufficiently notify the vendee who has purchased the property, but not paid the entire purchase price, or any other party, of the informality or infirmity of the vendor's title, to such an extent as to justify the vendee in refusing to pay the remainder of the purchase price, until the question of the right of the vendor to dispose of the property has been settled."

The argument seems to be that the notice of lis pendens constituted constructive knowledge of· insolvency which charged the vendee with responsibility for plaintiff's claim because of her failure to withhold the payment of the credit portion of the purchase price. The contention is wholly without merit. If Miss Broas did not know that her brother was insolvent on August 16, 1934, when the act of sale, by which she acquired his interest in ·the property, was passed, the filing of the notice of lis pendens on January 14, 1935, whatever may have been its import, could not affect the situation.

■ The most serious question in the case is that involving the penalty for frivolous appeal. We are referred to the following authorities: Code Prac. art. 907; Lopez v. Bergel, 17 La. 257; Times-Picayune Publishing Co. v. Jacobs, 13 La.App. 1, 126 So. 741; Associated Motors, Inc., v. Burk, 10 La.App. 5, 119 So. 451.

We are convinced of the sincerity of counsel in advocating his wholly erroneous conception of the law of this case. We might also add that the appeal was frivo-

556

lous, but it does not appear to have been taken for delay, nor does there seem to have been any appreciable damage suffered by the appellee.

In Silberberg v. Kalil & Mickal, 159 La. 560, 105 So. 620, 621, where a similar request for damages for frivolous appeal was considered, the court said:

"We do not think this is a clear case for the application of the rule. It is not manifest that the appeal was taken merely for delay; nor is it certain that the appellants did not believe in the merit of their defense. We are not disposed to mulct them in damages for taking an appeal, which the law favors, because they were mistaken as to the strength of their case."

See, also, Chaffe v. Carroll, 35 La.Ann. 115; Mutual Nat. Bank v. Moore, 50 La. Ann. 1332, 24 So. 304.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.