MILLER, Judge
(dissenting).
There is no evidence in this record to support the finding that the payee Albert LeBlanc Mobile Homes, Inc. authorized its president, Albert LeBlanc, Jr., to endorse and transfer Vincent’s promissory note. This was the defense to Commercial Credit Corporation’s suit for a deficiency judgment. At trial, Commercial Credit did not prove that Albert LeBlanc Mobile Homes, Inc. had authorized its president to sell notes made payable to its order. If Albert LeBlanc, Jr. was authorized to sign for the corporation, Commercial Credit could have established that fact.
We have held that executory process is available even though the named payee corporation’s endorsement was made by an unauthorized representative. I respectfully dissent.
Vincent bought a mobile home costing about $5,000. Some $1,000 in cash was *65 paid and the balance was financed. In less than a year, he failed to pay two in-stalments and the mobile home was seized and sold under executory process. He now appeals from the deficiency judgment awarding $3,287.56 plus interest and 25% attorney fees. Because of the harsh nature of the remedy, executory process is to he strictly construed against the creditor. Calhoun v. Mechanics & Traders’ Bank, 30 La.Ann. 772 (1878). It seems to me that executory process is being strictly construed against the debtor.
Endorsing negotiable instruments is not an inherent power of any corporate officer. It may only be vested by corporate action either expressed in its charter or by its board of directors in regular proceedings. See Credit Alliance Corporation v. Centenary College, 17 La.App. 368, 136 So. 130, at 131 (2 Cir. 1931).
A corporation can be represented only by properly authorized persons. LSA-R.S. 12:81(8), 12:82(C), (D).
To justify the order of seizure and sale every muniment of title and every link of evidence must be provided. LSA-C.C.P. Art. 2635.
The majority notes that Article 2635 does not require proof of the capacity of those who have negotiated the note. Although the language “proof of capacity” is not mentioned, the article does require plaintiff to submit with its petition the authentic evidence necessary to prove its right to use executory process. Our basic law requires that a corporation be represented by an authorized representative. There is no presumption that a president of a corporation has authority to sell its property. If it did, there would be no need for a corporation president to obtain corporate resolutions authorizing him to sign checks or to convey real estate or to manage the corporation’s affairs.
Certified copies of acts evidencing capacity of “executors, administrators or curators” are required before executory process is available. The failure to produce certified copies of these instruments along with the petition for executory process is fatal to the executory proceeding. Landry v. Landry, 12 La.Ann. 167 (1857); De-Brueys v. Freret, 18 La.Ann. 80 (1866); Chaffe v. Carroll, 35 La.Ann. 115 (1883). See comment (d) Official Revision Comments following Article 2635.
I would hold that it is just as essential to establish authority to represent a corporation as it is to establish the capacity of executors, administrators or curators.
Authority for a corporation to execute a mortgage on its property is specifically required by LSA-C.C.P. Art. 2636(4). Admittedly the mortgagor in this case was an individual and not a corporation. But the named payee is a corporation and that corporation’s endorsement is just as essential to Commercial Credit’s chain of title as it would be had Albert LeBlanc Mobile Homes, Inc. been the maker.
In my opinion, the executory proceedings are null because it was not established (either when the petition for executory process was filed, or at the trial for a deficiency judgment) that Albert LeBlanc, Jr., had authority to represent Albert LeBlanc Mobile Homes, Inc. This authority should have been established in accordance with the provisions of LSA-R.S. 13:4103.
If improper authentic evidence was filed so as to render the executory proceedings null, then the executory proceedings will not be given effect by allowing a deficiency judgment to be based upon it. League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762, at 765 (1968).
The judgment in favor of Commercial Credit Corporation should be reversed as to defendant Raywood Vincent.
I respectfully dissent.