KLIEBERT, Judge.
Charles L. Augustine appeals a judgment which dismissed on the merits his suit to annul a sheriff’s sale by executory process and ordered the cancellation of a Notice of Lis Pendens filed against the subject property. Augustine contends fundamental defects in the executory proceeding renders it null; hence, the sale should be rescinded. For the reasons which follow we affirm the judgment of the trial court.
FACTS
On October 14, 1982 Rose Bertucci, wife of/and Paul A. Paciera, Sr. sold a parcel of land together with improvements to Charles L. Augustine for $310,000.00, Au *1166 gustine paid $85,000.00 in cash and executed a $225,000.00 promissory note, drawn to the order of bearer and payable in monthly installments of $3,228.10, for the remainder of the purchase price. The note was paraphed for identification with an act of credit sale which incorporated a vendor’s lien and special mortgage importing a confession of judgment.
The Pacieras instituted executory proceedings on July 15, 1985 alleging Augustine failed to pay the installments when due and prayed that the property be seized and sold to satisfy the $225,000.00 claim. The following day the trial court ordered the issuance of Executory Process and contemporaneously issued a writ of seizure and sale for execution by the sheriff. As the sheriff was unable to effect service of notice of the seizure on Augustine a special process server was appointed. Augustine was served on September 26, 1985.
Except for discovery motions, no further steps were taken for eight months. On May 19, 1986 Augustine filed a petition seeking damages for wrongful seizure and to enjoin the seizure and sale on grounds which included:
1) Late payments were frequently accepted for up to four months arrear-ages, and plaintiffs refused to accept a recent tender of such;
2) Plaintiffs negotiated checks without crediting defendant’s account and failed to provide a payment figure or statement of amounts due and owing;
3) Plaintiffs claimed excessive principal in that the outstanding balance was $206,442.50;
4) Plaintiffs failed to specifically describe the default of the note and the sum due.
A temporary restraining order was issued without bond after a status conference with the parties and a hearing on a preliminary injunction was set for May 30, 1986.
On May 23, 1986 Rose Bertucci Paciera and the Succession of Paul A. Paciera, represented by Rose Bertucci Paciera, Karen Paciera Tusa and Paul A. Paciera, Jr., with leave of court, filed a supplemental and amending petition wherein they alleged:
1) The sum outstanding was $218,827.50 ($206,442.50 principal and $12,385.00 interest);
2) The defendant was delinquent on nine installments on the date the original petition was filed, and under the acceleration clause of the note and act of credit sale the entire balance was due and owing;
3) One of the original petitioners, Paul A. Paciera, was deceased and the duly appointed succession representatives were Rose Bertucci Paciera, Karen Paciera Tusa, and Paul A. Paciera, Jr., as coexecutors, and the said succession representatives desired to be recognized and substituted as proper party plaintiffs.
The trial court issued an order which recognized as the duly appointed succession representatives Rose Bertucci Paciera, Karen Paciera Tusa, and Paul A. Paciera, Jr., and authorized their substitution as proper party plaintiffs to represent the estate and interests of the decedent. The court also issued an amended writ of seizure and sale which reflected the amount due and owing as $206,442.50.
For reasons orally assigned the trial judge dismissed Augustine’s claim for a preliminary injunction, dissolved the temporary restraining order, and ordered exec-utory proceedings issue as prayed for in the original petition.[1] Augustine’s devolu-tive appeal from the judgment denying preliminary injunctive relief was ultimately dismissed as untimely. See Paciera v. Augustine, 506 So.2d 197 (5th Cir.1987). While the appeal was pending the property was appraised and advertised for sale. On September 10, 1986 Paul A. Paciera, Jr., acting as agent for Rose Bertucci, wife of/and Paul A. Paciera, Sr., purchased the property at sheriff’s auction for $1,521.00.
*1167 Augustine filed a petition to annul the sheriffs sale on September 23, 1986 on the grounds:
1) The writ of seizure and sale was fundamentally defective in that it was issued pursuant to the amended petition which did not contain an order for the issuance of a new writ and while the TRO was in effect;
2) The amendment to the petition for executory process was improperly allowed;
3) The appraisals submitted were untimely and improper.
Augustine also requested that the sheriff be enjoined from recording the sheriffs deed or proces verbal of the sale. The request for an injunction was denied on October 3, 1986, and the sheriff immediately filed the Sheriffs Deed in the record.[2] The merits of the petition to annul were taken up and judgment was rendered dismissing the petition on March 31, 1987. In its reasons for judgment the trial court noted the first two issues were previously considered and found to be meritless, and the third issue was meritless in that the appraisals were conducted in conformity with the law.
THE LAW
As a general rule defenses and procedural objections to an executory proceeding may be asserted only through an injunction to arrest the seizure and sale, or by a suspensive appeal from the order directing the seizure and sale, or both. LSA-C.C.P. Article 2642; Alison Mortgage Investment Trust v. Commercial Leasing & Financing Co., Inc., 334 So.2d 705 (3rd Cir.1976). An exception to the general rule has been recognized when the property was adjudicated to and remains in the hands of the foreclosing creditor. In such instances the mortgagor may institute and maintain a direct action to annul the sale on certain limited grounds. Reed v. Meaux, 292 So.2d 557 (La.1973); France v.
American Bank, 505 So.2d 1175 (5th Cir. 1987).
An action to annul a sale by exec-utory process is not governed by La.C.C.P. Articles 2001 through 2006, which prescribe the grounds for nullity of a final judgment, for an order of sale is not a judgment in the strict sense. Until Reed our jurisprudence was unsettled as to the grounds upon which an action to annul a sheriffs sale could be maintained. However, the Reed court made it clear that the action to annul the sale must be predicated on the existence of defects in the proceedings which are substantive in character and which strike at the foundation of the exec-utory proceedings. The court held the authentic evidence required by LSA-C.C.P. Article 2635 to support every link in the necessary chain of evidence is the very foundation of the executory proceeding. The court also indicated any alleged defects in the proceedings, other than a failure to comply with LSA-C.C.P. Article 2635, are “defects of form” which cannot serve as grounds for maintaining a petition to annul.
LSA-C.C.P. Article 2635 provides:
The plaintiff shall submit with his petition the authentic evidence necessary to prove his right to use executory process to enforce the mortgage or privilege. These exhibits shall include authentic evidence of:
(1) The note, bond, or other instrument evidencing the obligation secured by the mortgage or privilege.
(2) The authentic act of mortgage or privilege on immovable property importing a confession of judgment.
(3) The act of mortgage or privilege on movable property importing a confession of judgment whether by authentic act or by private signature duly acknowledged.
(4) Any judgment, judicial letters, order of court, or authentic act necessary to complete the proof of plaintiff’s right to use executory process.
*1168 This requirement of authentic evidence is necessary only in those cases, and to the extent, provided by law. A variance between the recitals of the note and of the mortgage regarding the obligation to pay attorney’s fees shall not preclude the use of executory process.
None of the grounds (no order for executory process was validly in place when the writ of seizure and sale issued; a petition could not be amended to “save” executory process; and the appraisals were invalid) for nullity asserted by Augustine in the trial court touched upon the lack of authentic evidence required by LSA-C.C.P. Article 2635. Accordingly, under Reed, supra, dismissal of the petition was warranted.
In brief on appeal Augustine raises several issues which were not presented to the trial court, only one of which relates to the authentic evidence requirements of LSA-C. C.P. Article 2635. Augustine contends Rose Bertucci Paciera, Karen Paciera Tusa, and Paul Paciera, Jr. were substituted as proper party plaintiffs in place of a deceased plaintiff, Paul Paciera, despite the lack of evidence, other than their verified petition, that they were co-executors of the succession. Appellees did not brief the issue but rather addressed only the issues litigated in the trial court.
Ordinarily, this court does not consider defenses raised for the first time on appeal. See Gulf Shipping Company v. McQuilling, 430 So.2d 1322 (5th Cir.1983). However, LSA-C.C.P. Article 2635(4) requires a plaintiff to submit with his petition authentic evidence of any judgment, judicial letters, order of court, or authentic act necessary to complete the proof of his right to use executory proceedings. The absence of authentic evidence of an appointment as administrator of a succession has been held error apparent on the face of the record and fatal to executory proceedings. Landry v. Landry, 12 La.Ann. 167 (Orleans 1857); DeBrueys v. Freret, 18 La.Ann. 80 (Orleans 1866). Accordingly, we will address the merits of appellant’s argument.
The executory proceedings were originally instituted on the petition of Rose Bertucci, wife of/and Paul A. Paciera, Sr. As the promissory note evincing the debt was bearer paper, mere possession of the note- satisfied the provisions of LSA-C.C.P. Article 2635(4) necessary for them to exercise the right to use executory process on that note. After Paciera’s death, the alleged co-executors of his succession sought to be recognized as substitute plaintiffs by requesting such in a verified supplemental and amending petition. They did not attach documentary proof of their professed capacity to the petition. Nevertheless, we find that this case is factually distinguishable from Landry, supra and DeBrueys, supra.
In Landry and DeBrueys, the alleged administrators instituted executory proceedings. In the present case Rose Bertuc-ci Paciera and Paul A. Paciera instituted and prosecuted the suit for some time before it became necessary for a substitution to be made. The substitution was made to continue the suit and to protect the estate of a deceased party who had previously established his right to proceed by exec-utory process. Further, we perceive no reason why Rose Bertucci Paciera could not have continued to prosecute the suit individually after her husband’s death for the note was payable to bearer. While it would have been a better procedure to submit documentary evidence of the appointment of the co-executors, under the facts of the case we do not think that the use of a verified petition to establish the capacity is such a defect as to warrant annulment of the sale.
Accordingly, we affirm the judgment of the trial court. Appellant is to pay the costs of the appeal.
AFFIRMED.

. The transcript of the hearing on the preliminary injunction is not included in the present record.

. A rule for eviction was made executory on October 29, 1986. The trial court denied Augustine a suspensive appeal from the eviction order. Defendant’s application for a writ of review and a stay order was denied by this court. (No. 86-C-638)