ROGERS, J.
 

 Defendants, a commercial copartnership, doing business in the city of New Orleans, ordered from plaintiff, a manufacturer of the city of New York, a certain lot of merchandise, included in which were 50 dozen “Jap” silk shirts at an agreed price t of $57.50 a dozen, f. o. b. New York. The merchandise was duly shipped to, and received by, the defendants. The shirts were not paid for, and plaintiff instituted the present suit to recover $2,875, the agreed price thereof, together with legal interest from March 26, 1920, the date of shipment. The defense, as set up in the answer, was lack, of quality and defective workmanship. On the trial of the case a further defense of delay in shipment was interposed by way of oral testimony. Judgment was for plaintiff, and defendants appealed.
 

 The judge of the court below found the defenses urged to be lame, and to consist of a variety of afterthoughts, none of which were proved. In this we think he was correct. The sale, price, and delivery were established. Defendants did not refuse delivery or return the alleged inferior goods, nor did they offer to return the alleged defective goods. On the contrary, they sold or reclaimed from the railroad company, approximately 20 per cent, of the consignment of shirts. The evidence satisfies us that defendants sought to evade their contract and to escape liability because the price of silk shirts sharply declined at about the time they were called upon for the payment of the account.
 

 Plaintiff and appellee has answered the appeal praying for an affirmance of the judgment with 10 per cent.' of the amount thereof as damages for a frivolous appeal. Code Prac. art. 907. We do not think this is a clear case for the application of the rule. It is, not manifest that the appeal was taken merely for delay; nor is it certain that the appellants did not believe in the merit of their defense. We are not disposed to mulct them in damages for taking an appeal, which the law favors, because they were mistaken as to the strength of their case. The suit, itself, is on an open account, and the judgment bears legal interest from judicial demand. Ordinarily, interest on money due is the penalty inflicted upon the debtor for its nonpayment. We think the usual interest allowed on the judgment is sufficient for the present case.
 

 For the reasons-assigned the judgment appealed from is affirmed.