**TULANE HARDWOOD LUMBER CO., Inc., v. SINGER LUMBER CO., Inc.·**

No. 16324.

Court of Appeal of Louisiana. Orleans.

June 1, 1936.

Wisdom & Stone and Norton L. Wisdom, all of New Orleans, for appellant.

Coss & Jones and Herman M. Baginsky, all of New Orleans, for appellee.

McCALEB, Judge.

This is a suit for damages resulting from an alleged breach of contract. The plaintiff and defendant are both engaged in the lumber business in the city of New Orleans.

During the month of November, 1934, the defendant had a contract to supply materials for the building of Dillard University. On November 20, 1934, it placed an order in writing with the plaintiff for the purchase of certain wooden panels. The written order does not mention the purchase price, the terms, ·or the date upon which the materials were to be delivered.

*Rehearing denied, see 169 So. 100.

On the following day plaintiff accepted in writing the purchase order, which acceptance states that the materials would be ready for shipment to the defendant on December 10, 1934, and sets forth that the terms of payment are to be net cash.

At the time of the contract the plaintiff was conducting its business in accordance with the NRA Lumber Code and the purchase price of the materials ordered was $129.31 and evidently, in accordance with the trade custom, 2 per cent. discount was allowed for cash sales.

On December 12, 1934, the plaintiff delivered the materials in accordance with the contract.

In conformity with the acceptance of the order for the materials, delivery was made C. O. D. Upon delivery, plaintiff's driver was advised by the defendant that there was no one in the office to sign a check in payment of the purchase price and he communicated with plaintiff's office. Plaintiff thereupon agreed to leave the materials, as it was advised that defendant would send a check in payment of the purchase price that afternoon. On the following day plaintiff contacted the defendant by telephone and informed defendant's manager that it had not received the check in payment of the purchase price of the materials, whereupon defendant's manager replied: "Well, I didn't receive my payment from the contractor on their job yet and I haven't got the money, * * * and anyway I can't buy for cash and sell for credit." Plaintiff then informed defendant that the defendant did not have an open account with it and that all transactions between plaintiff and defendant had to be on a cash basis and for this reason plaintiff would be compelled to take back the materials and hold them for the defendant's account.

Accordingly, plaintiff repossessed the panels and the defendant has neither requested delivery of the same nor paid the purchase price. Wherefore this suit.

█ It is conceded that the materials purchased are without defect and the only excuse made by the defendant for the breach of contract is that the sale in question was on credit and not for cash.

The written order of the defendant for delivery of the materials is silent as to terms of payment, but the acknowledgment and the acceptance of the order by the plaintiff specifically states that the terms are to be net cash.

At the time when the acceptance of the order was placed in the hands of the defendant, it did not protest against the transaction being handled on a purely cash basis, and it was not until after the plaintiff delivered the material that any such objection was made with reference to the mode of payment.

The petition alleges that the defendant is entitled to a discount of 2 per cent. for cash payment of the purchase price, and for this reason defendant contends that the transaction contemplates terms of credit. It further claims that the plaintiff is now attempting to vary the terms of a written instrument by parol evidence.

The point is not well taken, for we find that the agreement between the parties states that the terms of payment are net cash. There is nothing contained either in the written agreement between the parties, or the testimony in the case, which reveals that the plaintiff was to extend credit to the defendant. On the contrary, the evidence of plaintiff's vice president discloses that the plaintiff and defendant have been dealing with each other on a cash basis entirely.

The trial court found for the plaintiff and we see no error in its holding.

█ Plaintiff has crossed this appeal and it now prays for an award by this court of 10 per cent. damages of the total amount of the judgment of the trial court because it is asserted that the appeal is frivolous. Under article 907 of the Code of Practice, we have a right to assess such damages as we may think equivalent to the loss which the appellee has sustained by the delay on the appeal, provided the amount of such damages shall not exceed 10 per cent. of the amount in dispute.

While we are of the opinion that there is no merit in the defense to this suit, still it is not manifest to us that the appeal was taken merely for delay and that appellant's counsel did not believe in the merit of the defense. Under these circumstances, the claim for damages for frivolous appeal will be disallowed. Silberberg v. Kalil & Mickal, 159 La. 560, 105 So. 620.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed