This suit results from a collision between two automobiles which took place in the intersection at Third and Walnut Streets in the City of Lafayette on the morning of May 31, 1940. Third Street runs northeast to southwest and Walnut northwest to southeast.
Plaintiff, J.C. Isaac, was driving his Ford automobile on Third Street going northeast and defendant, Gilbert Frederick, was driving his Chevrolet Coach on Walnut Street going northwest. In the latter's car, riding with him, were his wife who occupied that portion of the front seat next to him and a lady guest who was on the rear seat.
Plaintiff claims that he was going at a rate of speed of approximately eighteen to twenty miles per hour on a street which enjoys the right of way under the City Ordinance of Lafayette and that the defendant who was on the less favored street, driving at an unlawful rate of speed, ran into his automobile and damaged it to the extent of $198.26. Specifically, he charges the defendant with negligence in driving his *Page 177 
car at a reckless and excessive rate of speed, without keeping a proper lookout and in failing to bring it to a complete stop before entering the intersection as he was required to do under the traffic ordinance of the City of Lafayette. In addition to the damage caused to his automobile plaintiff claims that he is entitled to recover for the hire of another car with which to attend to his business and which was necessary during the time his car was laid up for repairs. He alleges that this covered a period of fourteen days at a cost of $7 per day. Altogether therefore he prays for judgment against the defendant in the sum of $296.26 with legal interest from date of judicial demand, and all costs of suit.
The defendant, for answer, denies all the allegations of plaintiff's petition relating to the accident and, assuming the position of a plaintiff in reconvention, sets out his version of how it occurred.
He avers that he was approaching the intersection, driving carefully and at a reasonable rate of speed on his right hand side of Walnut Street and that as he reached the intersection he looked both ways and saw no automobile approaching from either direction. He proceeded to enter and cross over and then saw the plaintiff's car approaching the intersection at a rapid rate of speed. He avers that plaintiff didn't stop or slacken the speed of his car but entered the intersection notwithstanding the fact that his own car was more than half way over and across, and struck his car on the middle left hand side causing damage to it in the sum of $92.78. He alleges that he was free of negligence and that the accident was caused by the negligence of the plaintiff in driving at an excessive speed, in not keeping a proper lookout and in failing to accord him the right of way which he had acquired by pre-empting the intersection.
Defendant claims that in the accident he suffered severe shock, bruises and lacerations of the left arm and elbow, for which he is entitled to damages in the sum of $200. Accordingly, as plaintiff in reconvention, he prays for judgment against plaintiff in the main demand for the sum of $292.17 with interest and costs.
The trial court rendered judgment against the defendant and in favor of the plaintiff in the sum of $252.26, with interest and costs, whereupon defendant took a devolutive appeal to this Court.
The traffic ordinance of the City of Lafayette establishes Third Street as a right of way street and it also provides that traffic on an inferior street approaching a right of way street shall come to a full stop not more than fifteen feet from that street and shall not proceed until the driver of the vehicle has ascertained that no other vehicle is traveling on the right of way street sufficiently near the intersection to render a collision or accident probable. The Ordinance further limits the rate of speed of vehicles to twenty miles per hour. It is in the light of these provisions of the Ordinance that the defendant's action and conduct in driving his automobile on the morning of the accident must be considered and his liability determined on the issue of negligence in so far as it relates to him.
We find no proof in the record that the defendant was driving his car at an excessive rate of speed; in fact none that he was exceeding the speed limit of the Ordinance. Plaintiff makes no pretense at knowing what the speed of the defendant's car was because he freely admits that he did not see it until he struck it. A party named Dreaus Boudreaux testified for plaintiff as a witness on rebuttal and stated that defendant was driving between twenty and twenty-five miles per hour. From his position on Third Street, as far as we are able to make it out, and from which he claims to have seen the accident, we don't see how it could have been possible for this witness to have observed defendant's car so as to be able to judge its rate of speed. He testifies, as it seems to be conceded, that at that time, the southeast corner at the intersection was a blind corner. That being so, his view of traffic driving northwest on Walnut Street before it reached Third Street, from his point of observation, standing as he was some hundred feet or more on the west side of Third Street, had to be obscured. Not only that, plaintiff's car had just passed him, moving towards the intersection, and it necessarily must have formed an additional barrier to his view of the corner towards which the defendant's car approached the intersection.
Against this, the only testimony on plaintiff's side relative to the speed of defendant's car, we have that of the defendant and his wife which is to the effect that they were on their way home to New Orleans from Houston, Texas, and in passing *Page 178 
through Lafayette Mrs. Isaac expressed a desire to go to the business section of the City as she wanted to do some shopping. As they were not familiar with the streets, the defendant made inquiries of various people as how to get there and eventually found himself on Walnut Street. Both state that they were going very slowly, estimating the speed of the car at from 15 to 20 miles per hour. Upon reaching the corner at Third Street, defendant frankly admits that he did not bring his car to a stop as there was no sign whatever on the Street to indicate that he should do so. They both testified that they looked in both directions on Third Street and seeing no traffic approaching, defendant started across and when the greater portion of his car was past the middle of the intersection, plaintiff's car, advancing at a rapid rate of speed, ran into his car, the impact being right in the center of the left side, between the two fenders. The force of the impact caused it to continue forward some 20 to 25 feet and strike another car that was parked beyond the intersection on Walnut Street.
The testimony of the defendant and of his wife leaves the impression that he was driving cautiously and certainly was not speeding as plaintiff would want to make it appear. His only violation of the Ordinance consisted in his failure to have stopped his car completely upon reaching Third Street, but there was no sign or warning of any kind to indicate to him that he should do so. At most, it was only a technical violation of the law and was not the direct and producing cause of the accident. We are of the opinion that the trial court was in error therefore in holding the defendant liable as we can find no such negligence as was charged against him and that being so, it remains for us to consider now whether the plaintiff was guilty of any such negligence as to render him liable to the defendant on the latter's reconventional demand.
By plaintiff's repeated admissions that he never saw the defendant's car until it was in the middle of the intersection or until he struck it, that it came from "nowhere" or from "out of the air" we are led to believe that he was inattentive in his driving and was not keeping the lookout that he should. The witness Boudreaux called by him testified that as he passed him on the street, plaintiff waved to him and this also, might have caused to distract him. There being a blind corner on his right, as he admits, plaintiff should have been more careful in the way in which he approached the intersection. Like in so many accidents of this kind he seems to have relied too strongly on what he considered was his right of way, being on the favored street, and for that reason could proceed regardless of the rights which any other driver on the street may have acquired over him in the intersection by virtue of having entered it first. That the defendant had pre-empted the intersection we think is borne out by the fact that his car was struck after most of its body was beyond the center. Besides, from the fact that plaintiff's car skidded some fifteen feet after he had applied his brakes in an effort to stop it, and from the force of the blow with which it struck the other car, we are led to the conclusion that he was not driving as slowly as he claims. We are firmly of the opinion that he was negligent in not keeping a proper lookout and also in driving at too fast a rate of speed under the conditions which existed and that his negligence in both these respects was the cause of the accident.
Defendant did not have his car repaired as he found it to be to his advantage to trade it in for a new one. He produced a detailed statement made by an automobile repairer which substantiates his claim for damages however and it has not been contradicted. He did not offer sufficient proof to support his claim for damages for personal injuries and none will be awarded on that item.
For the reasons herein stated it is now ordered that the judgment appealed from be and the same is hereby reversed, set aside and annulled and it is further ordered that there be judgment in favor of the defendant on his claim in reconvention, and against the plaintiff, in the full and entire sum of $92.17, with legal interest from date of judicial demand and all costs of this proceeding. *Page 179