Plaintiff, J. J. Clarke Co., Inc., brought this suit in the First City Court against defendants, Toye Bros. Yellow Cab Company, a commercial co-partnership, and the individual members thereof, to recover for the damages sustained by its automobile in an accident occurring on December 27th 1943 at about 7:35 p.m. when the rear of its car was struck by the front end of a taxicab, owned by defendants and operated by their employee, on the uptown roadway of Canal street near the intersection of South Lopez street in the city of New Orleans. Plaintiff alleges that its car was being driven by its employee, one Fred A. Fisher, on Canal street in the direction of the Mississippi River and that, while it was thus proceeding at a normal speed, the taxicab, which was travelling in the same direction, crashed into the rear of the car causing damage, *Page 299 
amounting to $117.02, which is itemized in detail in the petition.
Defendants admit the happening of the accident but deny that it occurred in the manner as alleged by plaintiff. They aver that the taxicab was proceeding down the uptown roadway of Canal street at a speed of about 20 miles per hour; that it was raining at the time and the street was wet and slippery; that there was another automobile travelling in front of the cab; that, after the cab had crossed the intersection of South Lopez street and had passed Katz Besthoff drug store, which is located on the uptown riverside corner of Canal street, a Mercury automobile operated by Fisher, an employee of plaintiff, backed out of a driveway (located near Katz 
Besthoff drug store) into the street and directly in front of the cab; that the cabdriver swerved the cab to the left and immediately applied his brakes in an effort to avoid the collision, but that, notwithstanding this, the Mercury automobile continued its reverse movement and backed into the front right fender and bumper of the Yellow cab. In the alternative, defendants pleaded the contributory negligence of the driver of plaintiff's car as a bar to the action and, in addition, filed a reconventional demand in which they sought to recover $72.05 for the damages sustained by the cab in the accident.
After a trial in the lower court on the foregoing issues, there was judgment in plaintiff's favor as prayed for and defendants' reconventional demand was dismissed. Defendants have appealed and plaintiffs have answered, praying for damages on the ground that the appeal is frivolous.
It is clear from the pleadings in the case that the sole question presented for determination is one of fact. We may add that defendants have apparently abandoned their reconventional demand as they failed to offer any proof in the lower court as to the damages sustained by the Yellow cab.
Mr. Fisher, the driver of the Mercury automobile, testified that he, accompanied by his daughter and her young son, left his home on Telemachus and Canal streets on the evening of the accident for the purpose of driving to his daughter's home; that he was proceeding down the uptown roadway of Canal street (which is one of the main traffic arteries of New Orleans consisting of two paved roadways separated by a neutral ground) in the direction of the Mississippi river; that, as he approached the corner of South Lopez street, which intersects Canal street at right angles, his daughter requested that he stop at Katz Besthoff drug store, which is situated on the uptown river corner of the intersection; that, in obedience to her request, he drove over to the curbing and stopped parallel thereto, shortly past the front of the drug store; that his daughter got out of the car and, after making a purchase at the drug store, returned to the car at which time he started his motor, pulled away from the curb and proceeded down the street and that, after he had travelled a distance of some 50 or 60 feet, the automobile was run into from the rear by defendants' taxicab. Mr. Fisher further says that, at the time he stopped his car at the Katz Besthoff store, there were no other automobiles parked in front of it but that, after the accident, another automobile had parked on a 45 degree angle to the rear of the place where he had previously parked the Mercury. He further stated that the cabdriver, immediately after the accident, admitted that he was at fault and said that it was his first accident in 20 years of driving.
Mr. Fisher's daughter, Mrs. Ward Dabney, Jr., is in substantial agreement with her father concerning the manner in which the accident occurred. She, however, says that, at the time her father parked the car near the curbing of Katz 
Besthoff drug store, another car was already parked in front of the store on a 45 degree angle; that her father parked to the riverside of this car and that he parked his automobile parallel to the curb near a driveway on the riverside of the drug store. She confirms her father's statement that he did not engage in a reverse movement upon leaving his parked position and asserts that he drove forward into the street and had travelled a short distance when the taxicab struck the automobile in its rear. She further says that, after the accident, the cabdriver admitted that the mishap occurred through his fault.
The cabdriver testified in accordance with the averments contained in defendants' answer and portrayed an entirely different version of the accident than that given by plaintiff's witnesses. He says that he was travelling down Canal street about 60 feet to the rear of another automobile and at a speed of 18 miles per *Page 300 
hour; that, just as the cab preempted the intersection of South Lopez street, he noticed that the car travelling in front of him swerved sharply to the left in order to avoid striking the Mercury automobile which was backing out into the street from a parked position on a 45 degree angle to the uptown curbing of the roadway; that he immediately put on his brakes in an effort to stop the cab, but that the automobile continued its reverse movement and struck the front end of the cab with its rear end. He denies that he stated to Mr. Fisher and Mrs. Dabney that he was at fault and declares that he merely said that this was the first time that he had had an accident in 20 years. He also denied that he spoke to Mrs. Dabney at all but later, on cross-examination, admitted that he told her that he had no passengers in his cab at the time of the accident.
In addition to the cabdriver, the defendants produced two other employees who stated that they arrived on the scene shortly after the accident and that the Mercury automobile was positioned in the street facing the river on a 45 degree angle towards the uptown curbing.
[1] It is obvious, from the foregoing recitation of the statements of the witnesses, that the version of the accident given by Mr. Fisher and his daughter cannot be reconciled with the testimony of the cabdriver. The trial judge, who saw the witnesses and heard them testify, resolved the matter in favor of plaintiff and we not only fail to discern manifest error in his ruling but are of the opinion that the evidence given by plaintiff's witnesses clearly preponderates.
[2, 3] Counsel for defendants, however, proclaim that the decision of the trial judge 'is in discord with the physical facts, inasmuch as the cabdriver's testimony that the automobile backed out into the street is confirmed not only by the evidence of the two defense witnesses, who stated that the Mercury was on a 45 degree angle after the collision, but also by the physical damage to the cab and the automobile, which shows that the greatest damage sustained by the cab was on its right front fender and that the automobile was struck on its left rear fender and bumper. We find no substance in this argument. Since the accident occurred on a wet and slippery street, the fact that the automobile came to rest at an angle does not sustain the conclusion that it was engaged in a backward movement at the time it was struck. Nor does the fact that the major damage to the cab was on its right front fender and the damage to the automobile on its left rear fender and bumper provide proof for counsels' contention for the reason that it is wholly probable that the cabdriver swerved sharply to his left in an effort to avoid contact with the rear of the automobile as soon as he realized that a collision was impending.
[4] Defense counsel also assert that the evidence of plaintiff's witnesses should not be accepted as true for the reason that Mrs. Dabney contradicts her father when she says that there was an automobile parked in front of Katz Besthoff drug store on a 45 degree angle at the time plaintiff's car came to a stop for the purpose of permitting Mrs. Dabney to make a purchase in the store. While it is true that Mrs. Dabney disagrees with her father in the foregoing respect, we do not see that the variance of their testimony is of any consequence as she positively states that the Mercury car was parked parallel to the curb and that her father did not engage in a reverse movement at the time of their departure from the store. We have many times said that the fact that witnesses disagree as to minute details of an accident does not have the effect of destroying the genuineness of their testimony but, conversely, tends to show that they have not been previously coached before taking the witness stand.
[5] Counsel for defendants further proclaim that plaintiff has not proved the damage to its automobile with certainty. Plaintiff alleged that the damage sustained by the car in the accident was $117.02 and an itemized bill or estimate totalling this amount was introduced in evidence. Mr. Fisher says that these repairs were made necessary as a result of the accident. His testimony is uncontradicted. The fact that there has been no proof of payment of the repair bill does not operate as a bar to plaintiff's recovery. See Hendren v. Crescent City S. 
M. Water Co. Inc., 1 La. App. 625; Isaac v. Frederick, La. App., 5 So.2d 176 and other cases.
[6, 7] Plaintiff's demand for damages for frivolous appeal is not well founded. Appeals are favored by the law and an appeal will not be regarded as frivolous unless it clearly appears that an appellant's *Page 301 
counsel does not honestly believe that there is merit in his contentions and that the proceeding was taken merely for purposes of delay. We do not think that such a situation exists in this case. See Tulane Hardwood Lumber Co. v. Singer Lumber Co., La. App., 168 So. 368.
The judgment appealed from is affirmed.
Affirmed.
WESTERFIELD, J., absent.