29 So.2d 595

BURGIN v. JUMONVILLE PIPE & MACHINERY CO., Inc.

No. 38100.

Feb. 10, 1947.

Obier & Middleton, of Plaquemine, for plaintiff and appellee.

## HAWTHORNE, Justice.

Defendant, Jumonville Pipe and Machinery Company, Inc., has appealed to this court from a judgment of the district court in favor of W. H. Burgin, plaintiff therein, in the sum of $2068.01, maintaining a writ of provisional seizure issued in the suit, recognizing plaintiff's lessor's lien and privilege and right of pledge on the cattle and other movables owned by defendant and provisionally seized in the suit to secure the amount of $1358.45 due for unpaid rentals for the year 1944 under a lease covering certain property situated in the Parish of Iberville, and dismissing the reconventional demand of the defendant.

The main issues involved in this case are (1) whether Burgin as lessor had a lien and privilege and right of pledge on the effects of defendant on the leased premises at the time of the issuance of the writ of provisional seizure to secure the payment of the rent for 1944, and (2) whether the judgment dismissing defendant's reconventional demand was correct.

In answer filed in the court below, defendant admitted that the amount of $1358.45 was the correct balance remaining unpaid for the rental of the property for the year 1944, but denied that plaintiff had a lessor's lien and privilege and right of pledge on the movable property seized

Joseph Nicolosi, of Plaquemine, for defendant, appellant and plaintiff in reconvention, appellant.

on the leased premises to secure the payment of this sum.

In the court below, defendant further denied that it was indebted to plaintiff for rent for the months of January, February, and March, 1945, which plaintiff contended should be at the rate of $291.50 per month, a total of $874.50. The district court found that a fair rental on a quantum meruit basis for the months in question would be the sum of $236.52 per month, or a total rental for this period of $709.56, and this amount, together with the sum of $1358.45, constitutes the amount of the judgment, $2068.01. In argument before this court, defendant now concedes that the amount of rental as fixed and determined by the trial court for the first three months of the year 1945 is correct, and that it owes this amount to plaintiff. The question of this indebtedness therefore is no longer an issue in the case.

The Gay-Union Corporation, as owner, leased a tract of land to W. H. Burgin some time about 1932 or 1933. This lease was verbal and was renewed from year to year up to the year 1942. In 1942 the lease was reduced to writing and was for a period of one year, and was renewed year by year up to, and including, the year 1945. Beginning with the year 1942, Burgin subleased a part of this land to the Jumonville Pipe and Machinery Company, Inc., defendant, for pasturage purposes. This lease was also in writing and was for a period of one year, being renewed from year to year including the year 1944.

The rentals due under the lease from plaintiff to defendant for the calendar year 1944 were payable in four equal installments, to be due on April 1, July 1, October 1, and December 1 of that year. Defendant having failed to pay the installments due as of April 1 and July 1 under the terms of the lease, plaintiff herein instituted suit on September 3, 1944, for the amount of these two installments and obtained a writ of provisional seizure. Thereupon defendant paid the two matured installments, and plaintiff on September 12 obtained an order of court dismissing his suit and recalling the writ of provisional seizure, issued therein. Plaintiff at that time notified defendant that its sublease would not be renewed for the year 1945, and on December 2, 1944, again notified defendant, in writing, that the lease would not be renewed and that it must vacate the premises and deliver possession on or before January 1, 1945. Notwithstanding these notices, defendant, the sublessee of plaintiff in 1944, refused to vacate the premises leased to it, and did not vacate the premises until April 1, 1945.

In November, 1944, plaintiff, Burgin, went to New Orleans to discuss with the officials of the landowner, Gay-Union Corporation, the renewal of the lease for the year 1945, and these officials assured him that the lease would be renewed for the calendar year 1945.

After January 1, 1945, Burgin continued to remain in possession, having on the lands his farming implements, livestock, and a keeper, and the evidence shows that he was never requested by the owner of the property to vacate the premises or to deliver possession. On March 23, 1945, a written contract of lease for the calendar year 1945 was entered into by Gay-Union Corporation, owner of the property, and Burgin.

There is some evidence in the record that defendant, Jumonville Pipe and Machinery Company, Inc., also had negotiations with the owner of these lands in an effort to obtain a lease for 1945, but these negotiations were unsuccessful.

Defendant having failed to pay the installments which fell due on October 1 and December 1, 1944, under the terms of its lease with plaintiff, plaintiff on March 27, 1945, instituted the present suit for the amount of $1358.45, the balance due under the lease for the year 1944, and for recognition of his lessor's lien and privilege and right of pledge for this amount on the cattle and other movable property belonging to defendant and located on the leased lands, and, further, for the sum of $291.50 per month for the occupancy of said property by defendant during the months of January, February, and March, 1945.

A writ of provisional seizure issued, and on March 27 the sheriff seized thereunder 300 head of cattle and other movables sit-uated on the property described in the lease from plaintiff to defendant.

After trial on the merits, the district court rendered judgment in favor of plaintiff in the sum of $2068.01, maintaining the writ of provisional seizure issued in the suit, recognizing the lessor's lien and privilege and right of pledge on the cattle and other movables seized under the writ of provisional seizure to secure the payment of the unpaid rental for the year 1944, amounting to $1358.45, and dismissing defendant's reconventional demand. From this judgment defendant has appealed.

As stated previously, defendant admits that it owes the balance due for rent for the year 1944, amounting to $1358.45, and concedes in argument in this court that the rental of $236.52 per month from January 1, 1945, to April 1, 1945, amounting to $709.56, which was fixed by the lower court as a fair rental on a quantum meruit basis, is correct, and that he owes this amount.

Defendant contends that plaintiff did not have a lien and privilege and right of pledge on its effects on the leased premises seized under the writ of provisional seizure, and that the writ of provisional seizure wrongfully issued. This contention is based on the proposition that Burgin had no lease from the owner of the property during the period from January 1, 1945, to March 23, 1945, and that during this time Burgin had no color of title to the lands;

that the sublease from Burgin to defendant terminated on December 31, 1944, and that Burgin, by not filing suit until March 27, 1945, allowed the prescription of 15 days, as set forth in Article 2709 of the Revised Civil Code, to expire, and has therefore lost all rights thereunder to levy on the lessee's movables.

Articles 2705 of the Revised Civil Code provides that the lessor has for the payment of his rent and other obligations of the lease a right of pledge on the movable effects of the lessee which are found on the property leased.

Article 2709 of the Code reads as follows: "In the exercise of this right, the lessor may seize the objects, which are subject to it, before the lessee takes them away, or within fifteen days after they are taken away, if they continue to be the property of the lessee, and can be identified."

There is no dispute as to the fact that the property seized under the writ of provisional seizure was the property of defendant and was actually on the lands covered by the 1944 lease from Burgin to defendant herein, Jumonville Pipe and Machinery Company, Inc.; nor is there any dispute that Burgin was in possession of the premises during the entire year 1944 and was still in possession when this suit was filed on March 27, 1945, with the full knowledge, consent, and approval of the landowner and without any step's having

been taken to cause him to deliver up the possession of the estate.

Article 2688 of the Revised Civil Code stipulates: "If, after the lease of a predial estate has expired, the farmer should still continue to possess the same during one month without any step having been taken, either by the lessor or by the new lessee, to cause him to deliver up the possession of the estate, the former lease shall continue subject to the same clauses and conditions which it contained; but it shall continue only for the year next following the expiration of the lease."

The defendant questions the validity of the issuance of the writ of provisional seizure and lessor's right of pledge, lien, and privilege, on the basis that the property which was the subject of the lease between Burgin and Jumonville Pipe and Machinery Company, Inc., was no longer the "leased premises" after December 31, 1944, for the reason that Burgin himself did not have a lease between that date and March 23, 1945, because his 1944 lease was not reconducted.

We do not think that defendant can be heard to say, in its efforts to defeat plaintiff's right of pledge, lessor's lien, and privilege, that there was no reconduction of the 1944 lease from the landowner to Burgin. Insofar as defendant is concerned, Burgin did have a lease on the property for these months.

Regardless of whether plaintiff's lease was reconducted, on March 23, 1945, a written lease was executed by the landowner in favor of Burgin for the calendar year 1945, and therefore, as between the landowner and Burgin, Burgin had the full right to possession of the premises described in the lease not only for the year 1944 but also for the entire year 1945, including the months of January, February, and March, and defendant, insofar as the year 1945 is concerned, is without any right whatsoever to contest the occupancy or possession of the premises by Burgin, this being a matter solely and entirely between the landowner, Gay-Union Corporation, and Burgin.

Since we have concluded that, insofar as the defendant in this case is concerned, Burgin had the full right to possession and occupancy of the premises for the calendar years 1944 and 1945, he, being the lessor of defendant for the year 1944, had for the payment of his rent a right of pledge on the movable effects of the lessee, seized on the leased premises under the writ of provisional seizure which issued herein, under the plain provisions of Articles 2705 and 2709 of the Revised Civil Code, discussed hereinabove.

The defendant, as plaintiff in reconvention, prayed for judgment allowing

it a credit of $302.95 as a benefit payment made by the Agricultural Adjustment Agency, received by Burgin, as a result of mowing done on the leased premises in 1942. The trial judge found that this reconventional demand was not in any way connected with, or incidental or related to, the main demand, and that defendant was not entitled to institute such demand in reconvention under the provisions of Article 375 of the Code of Practice, both plaintiff and defendant being residents of the Parish of Iberville. Accordingly the reconventional demand was dismissed by the trial judge. We do not think he committed any error by such dismissal, and defendant has not cited any authorities showing that he was in error.

Plaintiff has filed an answer to defendant's appeal, asking that he be awarded damages for a frivolous appeal. As was said in Tulane Hardwood Lumber Co., Inc., v. Singer Lumber Co., Inc., La.App. 168 So. 368, it is not manifest that the appeal in this case was taken merely for delay or that appellant's counsel did not believe in the merits of the defense. Under these circumstances, the claim for damages for a frivolous appeal will be disallowed.

For the reasons assigned, the judgment appealed from is affirmed; appellant to pay all costs.