TATE, Judge.
The plaintiff employee was awarded workmen’s compensation benefits for total and permanent disability. Plaintiff answers the appeal of the defendant, his employer’s insured, and prays for damages for a frivolous appeal.
It is now conceded that on November 11, 1957, the plaintiff twisted his back at work and sustained a lumbo-sacral strain in the right lumbar region of his back, for which he was paid workmen’s compensation through January 28, 1958. The sole question raised by the defendant’s appeal is whether the plaintiff’s disability persisted beyond such date.
The trial court’s finding of permanent and total disability was based upon the following medical evidence: (a) the testimony of Dr. Briel, orthopedist specialist, who examined plaintiff on November 27, 1957 and on March 14, 1958, on the former date finding plaintiff disabled by reason of a lumbo-sacral strain, and on the latter examination finding that the lumbo-sacral strain had been cured but that there were both objective and subjective symptoms of a sciatic nerve irritation suggestive of a ruptured intervertebral disc residual from the accident; (b) the testimony of Dr. Gilly, orthopedist specialist, who examined plaintiff but once and then on May 1, 1958, and who also found, based upon an objective symptom of atrophy and of symptoms such as muscle contracture (a chronic state of muscle spasm; which, however, he also admitted could possibly be feigned, although expressing no opinion that such were feigned in the present instance) and various quasi-subjective responses (e. g., restriction of motion, loss of sensation to pin prick), that there was some disabling neurological lesion resulting from the accident *843 which was difficult to place because of the widespread loss of sensation; and (c) the testimony of Dr. Dupre, general practitioner, who had treated the plaintiff from the date of the accident up through the trial, and whose diagnosis was that the plaintiff was presently suffering from a herniated intervertebral disc.
In the opinion of all these doctors the plaintiff was disabled from the performance of manual labor by a back condition residual from the accident. Their unanimous opinion that he is presently disabled is corroborated by the uncontradicted lay testimony that, whereas before the accident plaintiff was a steady worker in apparent good health, he has since then consistently been unable to perform any useful labor, even around his home, and now walks awkwardly and with a limp.
We do not find to be impressive, under the medical testimony before us, the defendant’s contentions that the trial court judgment should be reversed.
First, the defendant relies upon the opinion of Dr. Meuleman, orthopedist who examined the plaintiff on January 29, 1958, to the effect that there were no objective symptoms verifying the patient’s complaints of pain (except for a tightness of the muscles upon standing which he believed “could” be voluntarily produced), as a result of which the doctor was “inclined to believe that no serious back condition exists in Mr. Ardoin [the plaintiff].” (Tr. 159.) Dr. Meuleman was the only physician examining plaintiff who did not think plaintiff to be disabled, and the only occasion upon which he examined the injured employee was on January 29, 1958, about 2[4 months after the accident. All other physicians who examined or treated plaintiff subsequently were of the opinion that plaintiff was disabled by reason of a nerve irritation probably produced by a ruptured disc. .Further, the uncontradicted and unanimous testimony of all doctors testifying is that the symptoms produced by a neurological lesion or herniated disc often take several months, four or more, to manifest themselves as a neurological finding, as the findings or symptoms are often present only after there has been pressure on the nerve for a period of time. (Dr. Briel, Tr. 66; Dr. Meuleman, Tr. 121; Dr. Gilly, Tr. 145; Dr. Dupre, Tr. 208.) In the light of such testimony, we cannot sustain the argument of the defendant-appellant that the preponderating testimony of the other medical witnesses, by which the claimant is disabled, should be disregarded in favor of Dr. Meuleman’s opinion founded upon an examination at an early stage before the symptoms of the disability might reasonably be manifest. See Mamon v. Farnsworth & Chambers Const. Co., La.App. 1 Cir., 86 So.2d 764.
Second, the defendant urges that different symptoms were exhibited at the examinations of, and different diagnoses made by, Doctors Briel and Gilly. Dr. Briel in his examination of March, 1958 found that the diminution to the sensation of pin prick and the complaints of pain chiefly referred to the right thigh and leg, and therefore was of the opinion that the impingement was of one of the nerves leading to the right leg; while Dr. Gilly in his examination of May, 1958 found a diminution of sensation in the left buttocks and leg (although there were complaints of pain radiating into both legs). This difference in the symptoms at various stages does not in the light of the record assume any great significance, however, because both Dr. Briel and Dr. Gilly stated without contradiction in the record that such alternating symptoms may result from a mid-line protrusion of the disc. (Tr. 77-78; Tr. 146.) Further, since both doctors as well as Dr. Dupre found the claimant to be disabled, “The mere fact that a compensation claimant is unable to specifically identify or indicate the type of injury he has sustained does not preclude a recovery of compensation. The test is the disability vel non and not the nature of the injury,” Johnson v. Atlantic & Gulf Stevedores, Inc., La.App.Orleans, 102 So.2d 518, at page 520.
*844 The final contention of the defendant is that Dr. Gilly’s opinion that the plaintiff is disabled should be disregarded because principally founded upon an “atrophy” of the left thigh which allegedly did not result from the accident but is natural to the plaintiff. The basis for this argument is that Dr. Briel had upon his two examinations found unchanged a difference in measurements whereby the left thigh was lYs inch less in circumference than the right. (Tr'. 61.) However, it is to be noted that Dr. Gilly, on his examination one and one-half months after Dr. Briel’s second examination, found that the difference in, measurements was about 2 inches' — that is, %th of an inch greater than Dr. Briel’s earlier examinations. (Tr. 136.) Although the atrophy was the principal finding upon which Dr. Gilly based his finding of disability, he also stated that “the examination as a whole was significant rather than any of its parts” and that the responses to all the recognized tests given were “all links in the chain to come to a conclusion of this man’s condition”. (Tr. 145, 146.) Further, D.r. Gilly, defendant’s witness, was not asked whether such allegedly disparate findings by Dr. Briel would cause him to change his opinion that plaintiff was disabled.
 By answer to the appeal the plaintiff requests penalties for a frivolous appeal under Code Prac. Art. 907. The jurisprudence under this article, however, holds that damages for a frivolous appeal are usually not allowable unless it is manifest that the appeal was taken solely for delay or that counsel does not sincerely believe in the view of the law he advocates, even though the appeal is without serious merit. Silberberg v. Kalil & Mickal, 159 La. 560, 105 So. 620; Moore v. Vives, La.App.Orleans, 49 So.2d 363; Bruce v. Kilpatrick Life Ins. Co., La.App. 2 Cir., 27 So.2d 634; Kirsch v. Broas, La.App.Orleans, 170 So. 554; Tulane Hardwood Lbr. Co. v. Singer libr. Co., La.App. Orleans, 168 So. 368. Under such jurisprudence, therefore, we are unable to award damages for a frivolous appeal, since it is not manifest that the appeal was solely for delay and since it is not apparent that able counsel for the appellant, who filed a brief and made a vigorous oral argument, did not believe in the merits of his appeal.
For the foregoing reasons, the judgment of the trial court is affirmed.
Affirmed.