HARDY, Judge.
This is a compensation suit in which plaintiff claimed total permanent disability resulting from an accidental injury, together with penalties and attorney’s fees. Judgment was rendered awarding plaintiff compensation at the rate of $31.20 per week from the time of the accident for a period not exceeding 400 weeks, subject to a credit for compensation paid, with interest at the legal rate on all past-due installments, statutory penalties of 12%' on all past-due payments, and an attorney’s fee in the sum of $1,000. From this judgment the defendant has appealed and plaintiff has answered the appeal, praying for an increase in the amount of attorney’s fees to the sum of $2,000, and for the assessment of damages of 10%' on the amount of the judgment rendered, on the ground that defendant’s appeal is frivolous.
There is no dispute as to the occurrence of the accident and the injuries sustained. On February 21, 1958, while plaintiff, in performance of duties of his employment as a common laborer, was engaged in the demolition of a building undertaken by his employer, M. M. Morgan, he accidentally fell through a hole in the roof of the building to the ground some 15 feet below. Following the accident plaintiff was immediately taken to the Baptist Hospital in Alexandria and Dr. P. M. Davis, Jr., an orthopedic surgeon, was called to attend the case. Plaintiff’s injuries consisted of a fracture of six lower ribs on the left side; fracture of the transverse process over L-2 and L-3; a compound fracture of the left humerus and an undisplaced fracture of the olecranon process of the left arm. After hospitalization plaintiff continued under treatment of Dr. Davis until on or about September 2, 1958. During this period plaintiff also received a number of physiotherapy treatments. Defendant insurer discontinued compensation payments, without explanation, on December 5, 1958. On the occasion of an examination by Dr. Davis on January 26, 1959, it was discovered that the left biceps muscle had completely pulled loose and that there had been a substantial loss of the substance of the said muscle. The doctor testified that this occurrence could have resulted without knowledge on the part of plaintiff, or that it could be attributable to a re-injury. No ground for such injury, however, is established by the record.
It must be noted that in answer to plaintiff’s petition the defendant relied exclusively upon the contention that plaintiff had recovered from any disability which he might have sustained and that compensation benefits were discontinued as of December 5, 1958, because plaintiff was fully able to return to his former duties as a common laborer. It suffices to say that neither of the above conclusions is justified by the record. Before this court counsel for defendant contends that plaintiff failed to prove, by a preponderance of evidence; (1) that he was permanently and totally disabled; and (2) that defendant’s action in terminating compensation payments was arbitrary and capricious, justifying the allowance of penalties.
Defendant’s counsel predicate the first proposition above noted on the ground that the 40%' impairment of the use of plaintiff’s left arm does not justify the conclusion that plaintiff, a right-handed man, is totally and permanently disabled. It is further urged that the allowance of disability in the instant case should be based upon LSA-R.S. 23:1221(4) (o) with reference to the permanent partial loss of the use or function of a member.
*719 The excellent written opinion of the trial judge pointed up the conclusion that the summary of the medical evidence plainly supported the finding that plaintiff had completely lost the use of his left arm insofar as the performance of heavy labor was concerned. With this observation we are in complete and absolute agreement and find it unnecessary to make specific or detailed analysis of the record which overwhelmingly supports such a factual finding.
 We regard our jurisprudence as being firmly established on the point that in cases where a claimant suffers disability, either total or partial, and the loss or impairment of use of a bodily member, he may recover either for the disability or the loss of the bodily member affected, whichever would produce the greater amount; Jackson v. Steel Fabricators, Inc., La.App., 90 So.2d 397 (writs denied).
Nor do we propose to engage in unnecessary and unwarranted discussion bearing upon plaintiff’s right to the allowance of statutory penalties. In the experience of the author of this opinion the testimony taken by deposition of the defendant’s State Claims Manager, Mr. O. R. Cunningham, called by plaintiff on cross-examination, is unique. The attitude of this witness bordered upon a contemptuous disregard of the efforts of counsel to develop the true facts, and so clearly established the arbitrary and capricious nature of defendant’s action in terminating payment of compensation as to effectively preclude any defense against plaintiff’s claims for penalties. We have never encountered a case in which the factual circumstances so clearly justified the allowance of penalties.
After thorough examination of the record we are further convinced that the assessment of the attorney’s fee as fixed by the trial judge in the sum of $1,000 is inadequate and should be increased to the amount of $2,000, which sum is payable to the attorney for plaintiff; Cain v. Employers Casualty Co., La.App., 96 So.2d 527 (writs granted and judgment affirmed by the Supreme Court, 236 La. 1085, 110 So.2d 108, in which the Supreme Court adopted, in toto, the opinion of this court on the issue of attorney’s fees under the statutory penalties provisions).
While we have been inclined to give serious consideration to plaintiff’s prayer for an award of damages attendant upon a frivolous appeal, we have reached the conclusion that this relief cannot be granted under our established jurisprudence. The Supreme Court has held that damages for a frivolous appeal, under Code of Practice, Article 907, is unwarranted unless it is manifest that the appeal was taken solely for purposes of delay, and was completely without merit; Silberberg v. Kalil & Mickal, 159 La. 560, 105 So. 620. In two opinions by our brethren of the Orleans Court, both of which were authored by Judge McCaleb, the same principle has been enunciated, and an additional requirement was indicated, namely, that it must clearly appear that appellant’s coun sel does not believe in the merits of the case; Tulane Hardwood Lumber Co., Inc. v. Singer Lumber Co., Inc., La.App., 168 So. 368; J. J. Clarke Co., Inc. v. Toye Bros. Yellow Cab Co., La.App., 22 So.2d 298. On the basis of the principle first stated, we find it necessary to reject plaintiff’s claims for damages for a frivolous appeal. However, we do not wish this holding to be interpreted as an unqualified endorsement of the second requirement noted in the cases last above cited from the Orleans Court, inasmuch as we have some question as to whether such a condition is either reasonable, practicable or susceptible of proof.
For the reasons assigned the judgment appealed from is amended by increasing the amount of the attorney’s fee allowed in favor of plaintiff to the sum of $2,000, it being further ordered that this sum be paid directly to plaintiff’s counsel, and, as so amended, the judgment appealed from is affirmed at appellant’s cost.