129 So.2d 91 (1961)
LANZA ENTERPRISES, INC., Plaintiff-Appellee,
v.
CONTINENTAL INSURANCE COMPANY, Defendant-Third Party Plaintiff-Appellant,
v.
OCEAN ACCIDENT AND GUARANTEE CORPORATION, Ltd., Third Party Defendant-Appellee.
No. 232.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1961.
Rehearing Denied May 9, 1961.
Certiorari Denied June 20, 1961.
*92 Bienvenu & Culver, by James C. Murphy, Jr., New Orleans, for defendant-third party plaintiff and appellant.
Joe J. Tritico, Lake Charles, for plaintiff-appellee.
Jones, Kimball, Harper, Tete & Wetherill, by W. R. Tete, Lake Charles, for third party defendant and appellee.
Before TATE, FRUGÉ, and CULPEPPER, Judges.
TATE, Judge.
The sole issue of this appeal by a third-party plaintiff is whether the trial court correctly dismissed a third-party demand upon the third-party defendant's exception of no cause of action. The third-party plaintiff, as defendant in the suit, seeks to implead the third-party defendant under LSA-C.C.P. art. 1111 (formerly LSA-R.S. 13:3381) as being liable for all or part of the principal demand of the suit instituted against the former.
The third-party defendant has in this court answered the appeal and requested the allowance of damages for a frivolous appeal.
The original suit is by an insured contractor to recover damages sustained in a building under construction by reason of vandalism and/or malicious mischief, when water was turned on in a hydrant to which a hose was connected leading to the fourth floor. The allegations and attached exhibits show that the hose had been left connected for several weeks in connection with a subcontractor's completing terrazzo work and that the subcontractor's employees had disconnected the hose at the close of their work-day one Saturday, but that on the next day the water was maliciously turned on, causing extensive water seepage and damage. The defendant ("Continental") was impleaded solely as an insurer against "vandalism and malicious mischief"[1].
Continental then by third-party petition sought to implead the subcontractor's liability insurer ("Ocean") as third-party defendant. The allegations of the third-party demand are (1) that the subcontractor's employees had negligently left the water turned on when they had left work the day previous to the discovery of the water damage, and (2), alternatively, that "said employees failed to disconnect the *93 hose from the faucet on the ground floor and permitted said hose to run up to the fourth floor of the building so that if anyone turned on the faucet on the lower floor through error, vandalism and malicious mischief, the water would not have entered the fourth floor of the building through the hose and caused the damage sustained to the building; that proper precaution required that said hose be completely removed from the lower faucet connection or that the end of the hose be extended out of the building so that no damage could be caused by the turning on of the faucet on the ground floor," Art. 6 of third-party petition.
We think that the learned trial court correctly sustained the exception of no cause of action and dismissed the third-party petition, albeit we are familiar with and cite with approval the principle relied upon by able counsel for the appellant that "`In passing upon exceptions of no cause or right of action, the Courts of Louisiana have followed the rule that doubts as to the rights of a plaintiff to recover should be resolved in favor of the sufficiency of the petition, and unless the petition clearly discloses a lack of a cause of action, the exception should be overruled,'" Lusco v. McNeese, La.App. 1 Cir., 86 So.2d 226, 229.
As to the first cause of action alleged, it is clear that, if Continental does prove the allegation of the third-party petition that the subcontractor's employees negligently left the water turned on, then Continental cannot be held liable in the principal action against it by the plaintiff. (Continental is made defendant only as the plaintiff contractor's vandalism insurer, and the described negligence by the subcontractor's employees does not fall within the policy coverage insuring only against vandalism, see footnote 1 above.) Since, under such facts alleged, Continental itself is not liable as defendant for any part of the principal demand of the original suit, then neither can Ocean, the third-party defendant, be held liable for any part of the principal demand. Ocean therefore cannot be impleaded as third-party defendant insofar as the first cause of action alleged by the third-party petition, because LSA-C.C.P. art. 1111 permits the impleader only of those who are or may be liable to the original defendant "for all or part of the principal demand."
The second or alternative cause of action is based upon the theory that the damage was caused both by the act of a vandal in turning on the hydrant and also by the negligence of the sub-contractor's employee either in their leaving the hose connected or in their failing to take precautions to prevent the water from being turned on through the hose in their absence so as to cause the damage. Able counsel argues that, accepting these alternative allegations as true, then even though the act of the vandal was also an efficient cause of the damage, a concurring and proximate cause of the accident was the negligence of the subcontractor's employees in leaving the hose available for the foreseeably easy and damaging use by the vandal. See Jackson v. Jones, 224 La. 403, 69 So.2d 729; Mason v. Herrin Transfer & Warehouse Co., La.App. 2 Cir., 168 So. 331; Blanks v. Saenger Theatres, Inc., 2 Cir., 19 La.App. 305, 138 So. 883. It is pointed out that a tort-feasor may be held responsible even for unforeseeable damage when he "sets in motion, through the agency of a negligent act, a chain of circumstances leading to the final resultant injury," Lynch v. Fisher, La. App. 2 Cir., 34 So.2d 513, 518. (Italics ours.)
While it may be true under the cited cases that the subcontractor's leaving the hose connected without precaution might, if negligent, be an actionable concurrent cause of the damages for which recovery is sought, we are unable to hold that the subcontractor's alleged acts or defaults constituted actionable negligence.
As stated at 65 C.J.S. Negligence § 2, subsections a. (p. 324), b. (p. 326), c. (p. *94 326), and d. (p. 327): "The essential elements of actionable negligence include the existence of a duty on the part of the defendant to protect the plaintiff from injury, failure of the defendant to perform that duty, and injury to the plaintiff resulting from such failure. * * * The test or standard of actionable negligence is what a reasonably prudent person would have done under the circumstances. * * * The first element of actionable negligence is a lack of care; injury from another's act or omission not involving lack of due care does not give rise to a cause of action. * * * Legal liability for negligence is based on conduct involving unreasonable risk to another. * * *" Further, "In order that there may be negligence, or actionable negligence, there must be a duty or obligation on the part of the person charged with negligence, and a breach of such duty. * * * The duty on which a claim of negligence may be based may be any legal duty. The duty is dictated and measured by the exigencies of the situation, and the risk reasonably to be perceived defines the duty to be obeyed," 65 C.J.S. Negligence § 4, subsections a. (p. 332) and b.1 (p. 339).
Applying these principles, did the subcontractor owe and breach a duty to the contractor to disconnect the hose and take precautions against a vandal using the hose to cause the damage?
We do not believe that the subcontractor's conduct created an unreasonable risk to the contractor's property, so as to constitute negligence. Whether or not the hose was connected or leading directly into the damaged area, the vandal if so inclined could with only slightly more difficulty have caused the same damage. And in the absence of authority cited to the contrary, we are unwilling to hold that a subcontractor breaches a duty to the safety of the premises during a construction project by leaving materials and tools available for his own ready use (at least when no obvious hazard is created), simply because of the naked possibility that a vandal might during non-working hours use these tools or materials to do damage to another's property.
We thus conclude that the trial court correctly sustained the exception of no cause of action and dismissed the third-party defendant.
By answer to the appeal, the appellee requests damages for an allegedly frivolous appeal. It is pointed out that LSA-C.C.P. art. 2164, effective on January 1, 1961, considerably broadens the authority of appellate courts to award damages for frivolous appeals, as compared with former Code of Practice Article 907 where such damages could only be awarded for suspensive appeals from monied judgments. See Annotations to Article 907, Dart's Code of Practice (2d. Edition, 1942), page 1012 et seq.
Despite the broader power to award damages for frivolous appeals conferred by the art. 2164 of the new code, we do not believe that the new provision was intended to change the prior jurisprudence that damages for frivolous appeals are not allowable "unless it is manifest that the appeal was taken solely for delay or that counsel does not sincerely believe in the view of the law he advocates, even though the appeal is without serious merit," Ardoin v. Travelers Insurance Company, La. App. 1 Cir., 116 So.2d 841, 844. See decisions therein cited. And we may add that, despite appellee's able argument and in deference to appellant's able argument, we do not believe that this appeal is frivolous and without serious merit.
For the foregoing reasons, at the cost of the third-party plaintiff-appellant, the judgment dismissing the third-party petition is
Affirmed.

On Application for Rehearing.

En Banc. Rehearing denied.
NOTES
[1] Defined in the policy as follows: "The term `Vandalism and Malicious Mischief' as used herein is restricted to and includes only wilful or malicious physical injury to or destruction of the described property."