JOHNSON, Judge.
Plaintiff filed this suit to recover $200.00 for the loss of a diamond wedding ring by theft, $200.00 for attorney’s fees, $200.00 for inconvenience, $250.00 for mental pain and anguish and $100.00 for humiliation and embarrassment, a total of $950.00, basing the claim on a policy issued by the defendant to plaintiff insuring plaintiff against loss or damage of two rings. When the suit was filed the defendant, admitting the theft and liability, but disputing the amounts, tendered by deposit in the registry of the Court the sum of $150.00 as the value of the ring stolen. The City Court of New Orleans rendered judgment in favor of the plaintiff of $200.00. The defendant has appealed and the plaintiff has answered the appeal to have the judgment increased to the total amount prayed for.
The plaintiff, the only witness on the trial of the case, testified that in a traditional Jewish marriage ceremony she was given a platinum wedding ring, set with three baguette diamonds, by her husband, symbolic of the bonds of matrimony. Previous to the marriage she had been given an engagement ring. Soon after the marriage she called an insurance agent to have the rings insured. The agent told her to have them appraised by the Canal Jewelry Store. The wedding ring was appraised at $200.00 and the engagement ring at $1,500.-00. She sent the written appraisal to the agent and she received the insurance policy issued by this defendant. Someone entered her home and stole the wedding ring. When she reported the loss to the insurance company an adjuster told her to go to Canal Jewelry Store and pick out another ring to replace the loss. She told the adjuster that she did not want to replace the ring at that store and the adjuster offered to pay her $150.00 as the value of the ring stolen. She refused to accept the offer and filed this suit.
The insurance policy admitted in evidence contains the following on the first page:
“The Camden Fire Insurance Association Named Insured and Address Mrs. Daniel Edward Schecter 1520j^ Polymnia St. New Orleans, La.
***********
“In consideration of the stipulations herein named and of twenty and 40/100 Dollars Premium Does insure the above, hereinafter called the Assured, From the 8th day of July 1960, at noon, to the 8th day of July 1961 at noon, Standard Time at Place of Issuance, to an amount not exceeding One Thousand Seven Hundred and No/100-Dollars. This policy covers only with respect to such and so many of the following classes of property as are indicated by a specific amount of insurance applicable thereto, and a premium therefor, which property is owned by or in the custody or control of the Assured and members of the Assured’s family of the same household: Class of Property, 1. Jewelry, as scheduled herein. Amount of Insurance 1,700.00 Rate 1.20% Premium $20.40.”
*453 In the schedule of coverage written in the policy, Item. 1. describes the engagement ring, opposite which in a column entitled “amount” at the right of the page is inserted' “$1,500.00.” Item 2. describes the wedding ring, opposite which in the “amount” column there is inserted “200.00”. The two amounts are added together to total “$1,700.00.”
On the reverse page is the proverbial “fine print,” part of which says:
“THIS POLICY INSURES AGAINST:
“All risks of loss of or damage to the insured property except as hereinafter provided.”
Paragraph 4. of the conditions reads as follows:
“4. Unless otherwise provided in form attached, this Company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value with proper deduction for depreciation, however caused, and shall in no event exceed what it would then cost to repair or replace the same with material of like kind and quality.”
Counsel for plaintiff does not contend that the policy is a “valued policy” in the sense that the insurance company is required to pay the full amount fixed in the policy in event of total loss, and in that concession counsel is correct. The only valued policy in that respect provided by any law of this state pertains to immovable property. LSA-R.S. 22:695.
Counsel does argue that the defendant agreed by the issuance of the policy that the value of the ring as of the date of the policy was $200.00, and, the policy being a contract between the parties, that the defendant is bound to pay that to the defendant The only circumstance that lends merit to that argument is the date of the loss. By precise language of the policy the liability for the loss of the ring can not exceed $200.00, but if the value is less than $200.00, the defendant is only obligated to pay the actual cash value of the ring for its total loss.
 The burden to prove its value at the time of the loss is on the plaintiff. Plaintiff testified that at the request of defendant’s agent the ring was appraised by Canal Jewelry Store at $200.00 and upon furnishing evidence of that appraisal to the agent, the policy was issued immediately, dated and effective July 8, 1960. The very next day, on July 9, the wedding ring was stolen. Her testimony with respect to the amount of the appraisement of the ring borders closely on hearsay evidence, if not actually such, but we conclude that she is competent to give it as admissible evidence of the fact that the ring was appraised in her presence, the ring appraisement was handed to her husband in her presence and she personally delivered it to defendant’s agent, who accepted it and wrote the policy for the defendant, naming the value of the ring at the amount of the appraisement, which at that time was $200.00. There was no objection to this testimony by defendant’s counsel and no evidence offered to contradict it. When counsel for plaintiff offered in evidence the appraisal document issued by the Canal Jewelry Store counsel for defendant objected to its admissibility “On the ground the person who purportedly made this out is not here to testify, in order to give me an opportunity to cross-examine him on that document.” The Court properly maintained that objection and the document was excluded. But plaintiff’s testimony proves the fact that the appraisement was actually made and the amount of it, and in the absence of any objection or evidence to the contrary that fact can be considered. Defendant’s reliance upon the appraisement to issue the policy is sufficient corroboration to establish the value of the ring as of that date. It would be unreasonable to assume that the value of the ring would *454 undergo any material loss in the lapse of one day.
In these circumstances, the refusal of the defendant to pay the full amount was arbitrary and without probable cause, and plaintiff is entitled to the statutory penalty of 25% of $50.00, being the difference between the amount tendered by defendant and the amount due. LSA-R.S. 22:658.
Counsel for plaintiff is entitled to reasonable attorney’s fees for the prosecution of the claim. The total amount of the loss is $200.00. Counsel claims $200.00 as attorney’s fees. It is our opinion that attorney’s fees in this case should not exceed 50% of the loss, and that $100.00 is a reasonable amount for attorney’s fees.
Counsel for defendant argues that there was no evidence that proof of loss was made on necessary forms prior to the suit, as required of plaintiff by the policy. Defendant’s admission of the theft and tender of defendant’s estimation of the value of the ring was tantamount to a waiver of the policy requirement on that subject.
Under the evidence here there is no merit to plaintiff’s claim for inconvenience, mental pain and anguish and humility and embarrassment.
Counsel for plaintiff in his answer to the appeal has asked for damages for frivolous appeal. While the refusal to pay the value of the ring was not justified, it is not manifest that counsel did not believe in the merits of his argument, and that the appeal was merely for delay. Silberberg v. Kalil & Mickal, 159 La. 560, 105 So. 620; Tulane Hardwood Lumber Co. v. Singer Lumber Co., La.App., 168 So. 368; Clarke Co., Inc. v. Toye Bros. Yellow Cab Co. et al., La.App., 22 So.2d 298.
For these reasons, the judgment appealed from is hereby amended and recast and it is now ordered that there be judgment for plaintiff and against defendant for $200.00 for loss of the ring with legal interest thereon from date of judicial demand, plus 25% of $50.00 as a penalty, and for $100.00 as attorney fees and for all costs in both courts.
Amended and recast.