QUESTION: Who is responsible for payment of a judgment against the state or any of its agencies or political subdivisions when the claim is in excess of the limit in s. 768.28(5), F.S., and has been positively acted upon by the Legislature or when the claim exceeds the insured liability permitted under s. 768.28(10), F.S.?
SUMMARY: The provision in s. 455.06(2), F.S., that judgments be reduced to the amount of insurance coverage does not apply to judgments rendered pursuant to the new Tort Claims Act, ss.768.28-768.30, F.S. Therefore, judgments may be rendered against state agencies or subdivisions as defined by s. 768.28(2) without reduction. The insurer shall be primarily liable to pay the judgment to the extent of coverage. If coverage is less than the limits of s. 768.28(5) ($50,000/$100,000), then the state agency or subdivision concerned shall be liable to pay that portion of the judgment in excess of insurance coverage up to the limits of s. 768.28(5). Any payment beyond the limits of s. 768.28(5) shall be made only upon further act of the Legislature. If the insurance coverage is equal to or greater than the limits of s. 768.28(5), then the insurer shall be primarily liable to pay the judgment to the full extent of insurance coverage, and any excess may be paid by the state or subdivision only by further act of the Legislature. If the Legislature approves payment of the portion of a judgment which exceeds the limits of liability specified in s.768.28(5), it must specify the source of the funds for payment. The funds may be taken from the General Revenue Fund or from funds allocated to a particular agency. In the case of a political subdivision, the Legislature will instruct the political subdivision to make the payment but will not specify the source of the funds under normal circumstances. Section 768.28(5), F.S. (the Tort Claims Act), provides that the portion of a judgment obtained against the state which is in excess of the statutory limits of liability may be paid only if specifically authorized by the Legislature. If the Legislature refuses to approve payment of the portion of the judgment which exceeds the statutory limits, the state, agency, or subdivision responsible is only liable up to the limits in the statute. In that case the judgment would be unenforceable to the extent that it exceeds those limits. In no case will there be payment of amounts in excess of the statutory limits, s. 768.28(5), F.S., unless by further act of the Legislature. The statute does not indicate the source of funds to be used if payment of the amount which exceeds the statutory limits is approved by the Legislature. However, it is clear that state funds can only be expended pursuant to an appropriation made according to law. State Constitution, Art. VII, s. 1(c); s.215.31, F.S.; Advisory Opinion to Governor, 22 So.2d 298 (Fla. 1945); State v. Allen, 91 So. 104 (Fla. 1922); in re Advisory Opinion, 31 So. 348 (Fla. 1901). Therefore, legislative approval of payment of that portion of a judgment which is in excess of the statutory limits of liability must be accompanied by an appropriation of funds with which the payment is to be made. In making the appropriation, the Legislature must determine whether the payment is to be made from the funds of the agency responsible or from the general revenue funds. See, e.g., Chs. 72-441 and 72-458, Laws of Florida. It appears that this decision will be made by the Legislature on a case-by-case basis. If the judgment is against a political subdivision and payment of the amount which is in excess of the statutory limits is approved, the Legislature may instruct the subdivision to pay the excess but will not specify the fund of the political subdivision from which the payment is to be made. See, e.g., Ch. 72-574, Laws of Florida. The existence of insurance adds an important element to be considered in answering your question. The new Tort Claims Act, s.768.28(11), F.S., expressly provides that "laws allowing the state or its agencies or subdivisions to buy insurance are still in force and effect and are not restricted in any way by the terms of this act." Section 455.06, F.S., contains authorization in broad terms for many governmental bodies to purchase liability insurance. Section 768.28(10), F.S., of the Tort Claims Act then provides that the "limitations of this act shall not apply to actions brought to recover damages therefor to the extent such policy of insurance shall provide coverage. . . ." Thus, if the insurance coverage is less than the limits in s. 768.28(5), F.S., the state, agency, or political subdivision will still be potentially liable up to those limits. If the insurance coverage is greater than the limits in s. 768.28(5), the insurer will be subject to liability up to the amount of the insurance coverage. Of course, in either case the insurer will only be liable to the limits of the insurance coverage. It should be noted that the provision in s. 455.06, F.S., for the reduction of judgments to the amount of insurance does not apply to judgments under s.768.28, F.S. Under s. 455.06, the state, its agencies, and the political subdivisions defined and designated were authorized to secure liability insurance as specified and to pay premiums therefor. In consideration of the premium for such insurance, s. 455.06 requires that the insurance contract incorporate as a part thereof a provision that the insurer is not entitled to the benefit of the defense of sovereign immunity in any suit brought against the state or any of the designated political subdivisions and that the sovereign immunity of such political subdivisions is waived to the extent of the insurance coverage as provided for in the contract. In order to insure compliance with the limitations imposed by s. 455.06, courts are required to reduce judgments rendered pursuant to s. 455.06 to conform with the limits of insurance coverage purchased by the agency. Section 455.06(2). However, s. 768.28(5) specifically authorizes judgments in excess of the limits specified therein. Since s. 768.28(5) is the more recent enactment, its provisions control. Therefore, that portion of s. 455.06(2) requiring a verdict in excess of the policy limits to be reduced to the amounts of the applicable insurance policies does not apply to judgments rendered pursuant to the waiver of immunity in s. 768.28.